992 P.2d 1132

**The STATE of Arizona, Appellee,**

v.

**Russell Norman REED, Appellant.**

**No. 2 CA–CR 98–0106.**

Court of Appeals of Arizona, Division 2, Department A.

April 13, 1999.

Janet Napolitano, Arizona Attorney General By Paul J. McMurdie and Diane M. Acosta, Tucson, Attorneys for Appellee.

Susan A. Kettlewell, Pima County Public Defender By Kristine Maish, Tucson, Attorneys for Appellant.

## OPINION

FLÓREZ, Judge.

¶ 1  Following a two-day jury trial, appellant Russell Norman Reed was convicted of one count of fraudulent scheme and artifice and one count of theft by control or misrepresentation. The trial court sentenced him to 15.75 years' imprisonment. On appeal, he raises two issues, neither of which merits reversal.

### ABSENCE FROM TRIAL

¶ 2  Appellant was present on the first day of his trial. The state had rested its case that afternoon. Appellant did not appear on the second day of trial. His counsel waived his presence for the settling of jury instructions at the beginning of that day and made no objection to the resumption of the jury trial itself about 11:00 a.m. After the jury found him guilty of both charges, appellant filed a motion for new trial based on his absence, claiming it was involuntary. At the evidentiary hearing on the motion, defense counsel told the trial court that appellant had attempted suicide by cutting his wrists around 10:00 a.m. on the second day of trial and that appellant had been admitted to a hospital "on an emergency basis in a comatose state" at 11:47 a.m. The court denied the motion, finding appellant's absence was voluntary. We review the trial court's determination of a defendant's voluntary or involuntary absence for an abuse of discretion. *State v. Muniz–Caudillo*, 185 Ariz. 261, 914 P.2d 1353·(App.1996).

¶ 3  The Sixth Amendment to the United States Constitution as applied to the states through the Fourteenth Amendment, and article II, § 24, of the Arizona Constitution, establish and protect a defendant's right to be present at his trial. However, "[a] defendant may voluntarily relinquish the right to attend trial." *State v. Garcia–Contreras*, 191 Ariz. 144, ¶ 9, 953 P.2d 536, ¶ 9 (1998). Rule 9.1, Ariz. R.Crim. P., 16A

A.R.S., provides that "[t]he court may infer that an absence is voluntary if the defendant had personal notice of the time of the proceeding, the right to be present at it, and a warning that the proceeding would go forward in his or her absence should he or she fail to appear." The defendant has the burden of establishing that his absence was involuntary. *State v. Suniga*, 145 Ariz. 389, 701 P.2d 1197 (App.1985).

¶ 4   Appellant does not argue that he did not have notice of the trial date or his right to be present at trial, or that he did not know the trial would go forward if he failed to appear. When appellant was absent on the second day of trial, defense counsel did not provide the court with any information about appellant's absence and did not object to the resumption of the trial. Thus, the trial court was entitled to initially rely on the inference that Rule 9.1 permits and to proceed with the second day of trial. *See* State v. Sainz, 186 Ariz. 470, 924 P.2d 474 (App.1996) (no error in proceeding with trial when trial court unaware defendant had been arrested and was in custody). However, if the defendant provides subsequent information to overcome the inference that his absence was voluntary, the trial court must consider that information. *Sainz.* Here, the trial court clearly did consider the information at the hearing on appellant's motion for new trial. *See Brewer v. Raines*, 670 F.2d 117 (9th Cir. 1982). Two expert witnesses testified at that hearing regarding appellant's mental condition. Dr. Geffen, a psychologist, testified that appellant was not competent to waive his right to be present on the second day of his trial. In contrast, Dr. LaWall, a psychiatrist, testified that appellant made a rational decision to "abort his trial by killing himself." The trial court adopted Dr. LaWall's evaluation of appellant's mental state concerning the suicide attempt and denied the motion for new trial. The question we must address is whether a defendant's suicide attempt and consequent hospitalization necessarily constitute an involuntary absence from trial.

¶ 5   This is a case of first impression in this state. Other jurisdictions have found that a suicide attempt and consequent hospitalization may constitute a voluntary waiver

of a defendant's right to be present at his or her trial. In *United States v. Davis*, 61 F.3d 291 (5th Cir.1995), for example, the defendant attended the first week of trial, but then ingested fifty antidepressant pills in a suicide attempt. The district court found the defendant's resulting absence a voluntary waiver of her right to be present at trial, and the Fifth Circuit Court of Appeals affirmed, stating, "[a] defendant cannot disrupt a trial" because the defendant does "not wish to face trial and the prospect of a conviction." *Id.* at 303.

¶ 6   The defendant in *Bottom v. State*, 860 S.W.2d 266 (Tex.App.1993), was present at trial until the state rested. He then attempted suicide and was hospitalized. After a hearing, the court determined that the defendant was competent to stand trial and found that he had voluntarily waived his right to appear "because *he chose* to ingest large quantities of aspirin and arthritis medication. Because [he] chose to act in this way, his absence was voluntary." *Id.* at 267. Attempted suicide is not "some sudden unexpected medical emergency." *Id.*

¶ 7   To the extent that these cases stand for the proposition that all absences resulting from attempted suicide are a voluntary waiver of the defendant's right to attend trial, we cannot agree. We believe instead that, depending on the circumstances, absence occasioned by attempted suicide may be a voluntary waiver of the right to be present at trial. Here, Dr. LaWall testified that appellant, though depressed, was not psychotic; he was able to understand the proceedings against him, and he understood what he was doing when he decided "to abort his trial by killing himself." Because appellant made a voluntary decision to try to end his life and thereby avoid his trial, the trial court did not err in finding that his suicide attempt and consequent hospitalization constituted a voluntary waiver of his right to be present at the remainder of his trial.

¶ 8   Appellant also contends the trial court erred in refusing to give a jury instruction on the defense of duress. A defendant is entitled to a jury instruction on any defense theory as supported by the evidence. *State v. Belyeu*, 164 Ariz. 586, 795 P.2d 229

(App.1990). Defense counsel, as a part of appellant's trial strategy, had admitted in opening statement that appellant had forged the checks to pay gambling debts and had indicated that appellant feared his gambling creditors who had threatened him and his family. A police detective testified that appellant had admitted writing the checks to pay off gambling debts.

¶ 9 The defense of duress, codified in A.R.S. § 13–412, states in pertinent part:

A. Conduct which would otherwise constitute an offense is justified if a reasonable person would believe that he was compelled to engage in the proscribed conduct by the threat or use of immediate physical force against his person or the person of another which resulted or could result in serious physical injury which a reasonable person in the situation would not have resisted.

B. The defense provided by subsection A is unavailable if the person intentionally, knowingly or recklessly placed himself in a situation in which it was probable that he would be subjected to duress.

■ ¶ 10 Having voluntarily absented himself from the trial, of course, appellant did not testify. The evidence that was presented did not show that appellant faced "the threat or use of immediate physical force against his person or the person of another" when he forged the several checks for small amounts at various times and places. There was no evidence of "present, imminent, and impending" duress. *State v. Jones,* 119 Ariz. 555, 558, 582 P.2d 645, 648 (App.1978). In this case, the evidence showed only that appellant might have had gambling debts. This is not sufficient to warrant a duress instruction. *See State v. Walker,* 185 Ariz. 228, 240, 914 P.2d 1320, 1332 (App.1996) (even assuming statements were threats, no immediate threat where individual indicated to defendant that "he was a Mafia associate, thus implying a capacity for violence"). The trial court did not err in refusing appellant's proposed jury instruction.

¶ 11 Appellant's conviction and the sentence imposed are affirmed.

CONCURRING: WILLIAM E. DRUKE, Chief Judge, and JOHN PELANDER, Presiding Judge.