NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

STEVEN MAYNARD WASHINGTON, *Appellant.*

No. 1 CA-CR 18-0084
FILED 8-28-2018

Appeal from the Superior Court in Maricopa County
No. CR2015-128615-001
The Honorable Richard L. Nothwehr, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Lawrence F. Winthrop joined.

---

**C A T T A N I**, Judge:

**¶1**        Steven Maynard Washington appeals the superior court's revocation of his probation and the resulting sentence. Washington's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, counsel found no arguable question of law that was not frivolous. Washington was given the opportunity to file a supplemental brief but did not do so. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm revocation of Washington's probation and the resulting sentence.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**        In 2015, Washington pleaded guilty to one count of possession of marijuana. Consistent with the terms of the plea agreement, the superior court suspended sentence and imposed one year's probation, including an immediate term of six months in jail. The conditions of probation included a standard provision requiring Washington to refrain from committing further criminal offenses.

**¶3**        Within three months after his release from jail, Washington was arrested for possessing a firearm, and the State charged him with misconduct involving weapons (prohibited possessor). *See State v. Washington*, 1 CA-CR 17-0528, 2018 WL 2016790, at *1, ¶¶ 2–3 (Ariz. App. May 1, 2018) (mem. decision). Washington's probation officer filed a petition to revoke probation based on the new offense. Washington absconded while on pretrial release, and he was tried in absentia and convicted of misconduct involving weapons. *Id.* at ¶ 3. This court later affirmed the conviction and sentence. *Id.* at *1–2, ¶¶ 1, 7.

**¶4**        Based on the determination of guilt of the new offense, the superior court found Washington to be in automatic violation of his probation. *See* Ariz. R. Crim. P. 27.8(e). The court revoked probation and

sentenced Washington to a presumptive term of one year's imprisonment, with credit for 233 days of presentence incarceration. The superior court granted leave to file a delayed notice of appeal, and Washington timely did so.

## DISCUSSION

**¶5** We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

**¶6** Washington was represented by counsel at all stages of the proceedings against him. Although Washington was not present for all hearings, he was warned that the proceedings could go forward in his absence should he fail to appear, and he offers no argument that his absence was involuntary. *See State v. Reed*, 196 Ariz. 37, 38–39 (App. 1999); *see also Washington*, 2018 WL 2016790, at *1, ¶ 4. The record reflects that the superior court afforded Washington all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate hearings, and the determination of guilt of a subsequent offense was sufficient to trigger an automatic violation of the previously-imposed probation. *See* Ariz. R. Crim. P. 27.8(e). Washington's sentence falls within the range prescribed by law, with sufficient credit given for presentence incarceration.

## CONCLUSION

**¶7** We affirm the revocation of Washington's probation and the resulting sentence. After the filing of this decision, defense counsel's obligations pertaining to Washington's representation in this appeal will end after informing Washington of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Washington has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

