NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ANDREW JOHN REA, *Appellant*.

No. 1 CA-CR 18-0781
FILED 10-10-2019

Appeal from the Superior Court in Mohave County
No. S8015CR201800309
The Honorable Billy K. Sipe, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans, Aaron Michael Demke
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Michael J. Brown joined.

---

**W I N T H R O P**, Judge:

¶1          Andrew John Rea ("Appellant") appeals his convictions and sentence for theft and facilitation of theft of means of transportation. *See* Arizona Revised Statutes ("A.R.S.") sections 13-1802(A)(1), -1814(A)(1), -1004(A). Appellant argues the trial court committed reversible error by taking the verdict in Appellant's absence without first finding that Appellant had voluntarily chosen not to appear. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          In September 2018, Appellant was tried before a jury for theft, facilitation to commit burglary in the second degree, and facilitation of theft of means of transportation. Appellant was released on his own recognizance and acknowledged in open court his agreement to the terms of that release, including his obligation to appear at all future proceedings.

¶3          Appellant was reminded of those release order conditions during the final pretrial conference, and at the conclusion of the first day of trial. Consistent with that explicit understanding, Appellant appeared every day of his three-day trial, testified in his own defense, and was present for multiple jury questions after jury deliberations began. When the evidentiary phase ended and the jury started its deliberations in mid-afternoon on day two of the trial, the court specifically advised Appellant to "stay around the courthouse" so the court could get him back "in a moment's notice." The jury did not reach a verdict on day two of the trial and resumed deliberations on the morning of day three.

¶4          In the late morning of day three of the trial, the judge advised the attorneys, with the Appellant present, that the judge needed to leave for a meeting and expected to be back around 1:00 PM. He also noted that the jury had indicated it would continue to deliberate through lunch. The jury reached a verdict during the noon hour, and counsel were so notified. The court reconvened at 1:58 PM; Appellant was not present. The court did not

2

immediately inquire about Appellant's absence, nor did defense counsel at any time object to the jury announcing its verdict in Appellant's absence. The jury found Appellant not guilty of facilitation to commit burglary in the second degree, but guilty of Class 6 felony facilitation to commit theft of means of transportation and of Class 1 misdemeanor theft.

**¶5**    After the jury was excused, the judge questioned defense counsel about Appellant's absence. Defense counsel stated he did not know where Appellant was, but advised the court that he had texted Appellant at 1:00 PM and informed him that the jury had reached a verdict. He had also tried to call Appellant, but the call went to voicemail.[1]

**¶6**    The State requested a bench warrant in light of Appellant's failure to appear. The judge declined to immediately issue the warrant, speculating that the Appellant "may have simply not received the notice" or may not have gotten "himself back into court on time," and that these are "not the type of charges somebody would flee from and not want to face sentencing." Appellant did appear for sentencing a few months later but never explained why he had failed to appear for the verdict. The court suspended Appellant's sentence and placed him on three years' supervised probation.

**¶7**    Appellant filed a timely notice of appeal from the judgment and sentence. We have jurisdiction under Arizona Constitution Article 6, Section 9, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).

## ANALYSIS

### I.    Standard of Review

**¶8**    Generally, "[w]e review the trial court's determination of a defendant's voluntary or involuntary absence for an abuse of discretion." *State v. Reed*, 196 Ariz. 37, 38, ¶ 2 (App. 1999). However, when a defendant fails to object to an alleged trial error, we review for fundamental, prejudicial error. *See State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018).

---

[1]    Defense counsel clarified that on the morning of day three, Appellant had given counsel Appellant's mother's number to use if counsel needed to contact him. Appellant's own phone had apparently been shut off, and Appellant's mother had been present through most of trial. Defense counsel followed that instruction and utilized that number in an effort to contact Appellant.

**¶9**		To prevail on a claim of fundamental error, a defendant must first prove that trial error exists. *Id.* at 142, ¶ 21. If error is established, we must determine whether the error is fundamental, considering the totality of the circumstances. *Id.* "A defendant establishes fundamental error by showing that (1) the error went to the foundation of the case, (2) the error took from the defendant a right essential to his defense, *or* (3) the error was so egregious that he could not possibly have received a fair trial." *Id.* If the defendant establishes fundamental error under the first or second prong, he must also make a separate showing of prejudice, which also "involves a fact-intensive inquiry." *Id.* (citation omitted). If the defendant establishes prong three, "he has shown both fundamental error and prejudice, and a new trial must be granted." *Id.* In this process, "[t]he defendant bears the burden of persuasion at each step." *Id.* (citation omitted).

## II.	Right to be Present and Voluntary Absence

**¶10**		A criminal defendant has the right to be physically present when a jury verdict is rendered. *State v. Levato*, 186 Ariz. 441, 444 (1996) ("[C]riminal defendants, under all but exceptional circumstances, are entitled as a matter of constitutional right to be physically present for the return of jury verdicts."). *See also* U.S. Const. amend. 6, 14; Ariz. Const. art. 2, § 24; Ariz. R. Crim. P. 19.2 ("A defendant in a felony or misdemeanor trial has the right to be present at every stage of the trial, including . . . the return of the verdict.").

**¶11**		But the right of a defendant to be present at trial is not absolute: a defendant may waive his right to be present at any proceeding through voluntary absence. *See* Ariz. R. Crim. P. 9.1. "The court may infer that a defendant's absence is voluntary if the defendant had actual notice of the date and time of the proceeding, notice of the right to be present, and notice that the proceeding would go forward in the defendant's absence." *Id.* After such an inference, the burden shifts to the defendant to prove his absence was involuntary. *Reed*, 196 Ariz. at 39, ¶ 3.

**¶12**		Appellant argues the superior court erred by receiving the verdict in Appellant's absence without making any finding of voluntary absence.[2] Additionally, Appellant claims he did not have adequate notice

---

[2]		The State contends that because Appellant fails to argue that announcing the verdict in his absence constituted fundamental error, that argument is waived. *See State v. Moreno-Medrano*, 218 Ariz. 349, 354, ¶ 17 (App. 2008) ("[The appellant] does not argue the [untimely-objected-to]

of the time of the proceedings and thus, that the burden should not fall on him to prove his absence was involuntary.

¶13         As a primary matter, the record reflects that Appellant clearly had notice of the date of the proceedings, of his right to be present, and that all phases of the trial would proceed in his absence if he failed to appear.

¶14         The only dispute, then, is whether Appellant had actual notice of the time the court was reconvening for purposes of taking the verdict.  Appellant was present in the courtroom on day one when the court specifically advised the prospective jury that "[e]ach day [of the trial] . . . [w]e'll take a lunch break from noon to 1:30."  After the jury was sent to deliberate on day two of the trial, the court told Appellant to "stay around the courthouse," cautioned that "it's really frustrating when we need the defendant and [we] find out he or she is across town," and reminded Appellant that they might need to "get [him] back [t]here in a moment's notice."  More specifically, on day three of the trial, Appellant was present when the judge explained he had a meeting at 11:30 AM and would not likely "be back until 1:00," but that the jury would continue to deliberate during the lunch hour.

¶15         In addition to Appellant being repeatedly reminded by the court of his continuing obligation to appear, and explicitly advised of both the court's anticipated schedule for the afternoon of day three and the fact that the jury was continuing its deliberations during the lunch hour, defense counsel specifically followed Appellant's directions and called and texted Appellant at 1:00 PM, utilizing the phone number provided by Appellant and leaving a message that the jury had reached a verdict, which was a clear indication that Appellant needed to immediately return to the courtroom.

¶16         We find these facts sufficient to show Appellant had actual notice that the proceedings could resume at any time after the judge returned at 1:00 PM.  Although the judge did not predict an exact time the verdict could be rendered, Appellant not only had notice that his trial was ongoing and that he needed to be present when the lunch recess was ended,

---

alleged error was fundamental.  That argument is therefore waived.") (internal citations omitted).  Here, although Appellant in his brief initially argues that the "court committed reversible error," he later contends that "this case should be reversed . . . at a minimum, [for] prejudicial fundamental error."  Accordingly, Appellant's argument of fundamental error is not waived.

but also that the jury had chosen to continue to deliberate during the lunch recess, a very clear signal that the jury could return with a verdict at any time. As instructed by Appellant, defense counsel called and texted Appellant at 1:00 PM, giving adequate time for Appellant to return by the time the court actually reconvened at 1:58 PM. Further, it is well established that "[a]n out-of-custody defendant has the responsibility to remain in contact with his attorney and the court" so that he may be informed and present at all stages of the trial. *State v. Bishop*, 139 Ariz. 567, 571 (1984). As such, Appellant had the burden of proving his absence was involuntary. *See Reed*, 196 Ariz. at 39, ¶ 3. Appellant made no record below to suggest, let alone prove, his absence was involuntary. On these facts, the court did not abuse its discretion in inferring that Appellant's absence was voluntary.[3]

**¶17** Finally, even assuming Appellant's argument in this regard was not waived by defense counsel's failure to object either before or after the verdict was returned, these facts clearly indicate Appellant had adequate notice of the time of the proceeding and the court did not err, let alone fundamentally err, in not *sua sponte* making further inquiry concerning Appellant's failure to appear. *See State v. Tudgay*, 128 Ariz. 1, 3 (1981) ("Since there was a prima facie showing of voluntary waiver, and no evidence presented by appellant to the contrary, the court did not err in proceeding in absentia.").

---

[3] When the judge declined to issue a bench warrant after Appellant's absence, the judge speculated that Appellant "may have simply not received the notice" of the proceeding. On this record, the judge's comment falls short of proving Appellant did not have actual notice of the time of the proceeding. Further, the court did not err in failing to make an explicit ruling regarding Appellant's voluntary absence. *See State v. Rice*, 116 Ariz. 182, 185-86 (App. 1977) (finding "the [trial] court did not err in trying and sentencing [the defendant] in absentia" although the trial court had never made an explicit ruling of voluntary absence).

## CONCLUSION

¶18     For the foregoing reasons, we affirm the convictions and sentence imposed by the trial court.



AMY M. WOOD • Clerk of the Court
FILED:  AA