NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ADAM PAUL BLOMDAHL, *Appellant*.

No. 1 CA-CR 19-0655
FILED 3-30-2021

Appeal from the Superior Court in Maricopa County
No. CR2016-000575-001
The Honorable Jennifer C. Ryan-Touhill, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Brian Coffman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jennifer Roach
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Randall M. Howe joined.

---

**C R U Z**, Judge:

¶1        Adam Paul Blomdahl appeals his convictions and sentences for first-degree murder and two counts of aggravated assault. He raises issues related to his waiver of counsel and the superior court's revocation of his self-representation at trial. Blomdahl also challenges the court's jury instructions and its award of presentence incarceration credit. For the following reasons, we affirm Blomdahl's convictions but award an additional eight days of presentence incarceration credit to the sentence imposed for the first-degree murder conviction (count 1). We also correct a non-substantive clerical error in the sentencing order.

## FACTUAL AND PROCEDURAL HISTORY

¶2        Blomdahl told his neighbor that he suspected the neighbor's adult daughter, G.G., had broken a window in his home. The following evening, Blomdahl pulled G.G. from her car to his driveway where he "started hitting her in the face, and . . . kicked her in the stomach[.]" Blomdahl stopped assaulting G.G. when her fiancé, D.P., approached. Blomdahl then left the driveway but returned with a gun. He shot G.G., D.P., and P.E., another neighbor. G.G. fell to the ground, but the three victims survived the shooting.

¶3        Blomdahl then got into his car. As G.G. attempted to stand, Blomdahl "drove right into her[,] . . . knock[ing] her down[.]" Blomdahl retreated and waited in his car until G.G. "start[ed] limping across the street" when he drove into her again, knocked her down, and drove over her. Blomdahl then backed up and "stopped his car right on top of [G.G.]" before speeding away.

¶4        G.G. survived but was unconscious. She was transported to a hospital where, a few days later, her mother made the decision to remove her from life support. G.G. died from multiple gunshot wounds and blunt force injuries.

¶5          The State charged Blomdahl with first-degree murder and two counts of aggravated assault, all dangerous felonies. After three mental health experts subsequently evaluated Blomdahl, the superior court found he was competent to stand trial. *See* Ariz. R. Crim. P. ("Rule") 11 (describing procedures for determining a criminal defendant's competence to stand trial). Blomdahl eventually waived counsel and represented himself at trial. During opening statements, however, the superior court revoked Blomdahl's self-representation and appointed his advisory counsel to represent him for the remainder of trial.

¶6          The jury found Blomdahl guilty as charged. At sentencing, the superior court imposed consecutive prison terms of life for the first-degree murder conviction and twelve years each for the aggravated assault convictions. The court also awarded 1191 days of presentence incarceration credit and applied the credit to each prison term. Blomdahl timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

I.     Self-Representation

¶7          Attached to his motion seeking self-representation, Blomdahl included a copy of a letter he wrote to his lawyer in which he refers to "Hotel/motel receipts from Fidiciary [sic]" as among the evidentiary items he had previously requested and not yet received. Based on that reference, and "other fiduciary-related documents [that] were later filed in the record[,]" Blomdahl argues the superior court erred by accepting his waiver of counsel without considering that he had a fiduciary appointed by the Veteran's Administration. According to Blomdahl, "[i]f an indigent person requires assistance to manage his finances, then he is unlikely to have the competency to utilize his right to self-representation[.]" *See State v. Cornell*, 179 Ariz. 314, 324 (1994) ("[T]he law guarantees a defendant the right to waive counsel if he is mentally competent to do so.") (citing *Faretta v. California*, 422 U.S. 806, 834 (1975)); *State v. Ibeabuchi*, 248 Ariz. 412, 416, ¶ 16 (App. 2020) (discussing *Indiana v. Edwards*, 545 U.S. 164 (2008), and how, compared to the competency required to stand trial, self-representation requires "more in the way of mental capacity").

¶8          We reject Blomdahl's argument. He cites no authority that requires a court to delve further into a defendant's competency based solely on the defendant's having a fiduciary or similar representative who assists with managing his financial affairs. *See State v. Amaya-Ruiz*, 166 Ariz. 152,

162 (1990) (the superior court has broad discretion in determining whether to order competency hearings). More importantly, Blomdahl refers to nothing in the record that indicates he lacked the requisite competency to represent himself. Indeed, the superior court expressly noted the heightened competency necessary for self-representation and nonetheless accepted Blomdahl's waiver of counsel having found he did so knowingly, intelligently, and voluntarily. The record supports that finding.

¶9 In addition to challenging the superior court's decision to accept his waiver of counsel, Blomdahl argues the court erred in revoking his self-representation. We review the decision to revoke a defendant's self-representation for an abuse of discretion. *State v. Hidalgo*, 241 Ariz. 543, 554, ¶ 44 (2017).

¶10 Revoking a defendant's self-representation is permitted when the defendant fails to comply with court rules or orders. *Id.* In this case, just before opening statements commenced, the court verbally granted the State's motion in limine and explained to Blomdahl he was prohibited from making certain statements to the jury, including that he was a war veteran. Nonetheless, during his opening statement that afternoon, Blomdahl told the jury, "the defendant is a credible United States veteran."

¶11 On appeal, Blomdahl concedes that he erred by making the "veteran" comment, but he contends the error was not sufficiently severe to justify revoking his self-representation. We disagree.

¶12 When the superior court accepted Blomdahl's waiver of counsel, it warned Blomdahl that he would be held to the same standards as an attorney, and his self-representation could be revoked if he failed to follow "court rules" and "courtroom procedure." Indeed, the court repeated that warning when it sustained the State's objection after Blomdahl began his opening statement by telling the jury that the State was "hiding something." After the jury was excused from the courtroom, the court warned Blomdahl he was improperly referring to issues that had been litigated in this case. "The next step," the court told Blomdahl, "will be advisory counsel will be your attorney." Blomdahl then resumed his opening statement and informed the jury he was a veteran. The jury was once again excused from the courtroom to address the State's objection. Recognizing the disruptive effect of Blomdahl's apparent disregard for its rulings was having on the trial, the court remarked: "I am not going to send a jury in and out of the courtroom every time the defendant violates a court order. That will interfere and undermine the court's ability to conduct this proceeding in an efficient and orderly manner."

¶13 On this record, we cannot conclude the superior court abused its discretion by revoking Blomdahl's self-representation. *See State v. Gomez*, 231 Ariz. 219, 223, ¶¶ 14-15 (2012) (rejecting argument that "serious obstructionist conduct" required to justify revocation of defendant's self-representation and noting, "[a] defendant who proves himself incapable of abiding by the most basic rules of the court is not entitled to defend himself") (internal quotation and citation omitted); *State v. Whalen*, 192 Ariz. 103, 108 (App. 1997) (concluding revocation of defendant's self-representation was not error because the court provided defendant "clear, unambiguous, and timely warnings that he would lose the right to represent himself unless he was willing to follow [the court's] order[s]").

II.     Right to Be Present

¶14 Blomdahl next argues the superior court violated his right to be present when, at a pretrial hearing, the superior court addressed several of Blomdahl's motions in his absence. Most of the motions concerned requests for discovery, which the court either granted, denied, or ordered Blomdahl to clarify.

¶15 "A criminal defendant generally has the right to be present in the courtroom during proceedings in his case." *Morehart v. Barton*, 226 Ariz. 510, 513, ¶ 13 (2011). A defendant can, however, voluntarily relinquish that right. A court may infer an absence is voluntary if the defendant had personal notice of the date and time of the proceeding, notice of the right to be present at it, and notice that the proceeding would continue in his absence. Ariz. R. Crim. P. 9.1. We review the superior court's determination of voluntary absence for an abuse of discretion. *State v. Reed*, 196 Ariz. 37, 38, ¶ 2 (App. 1999).

¶16 Here, as the hearing on Blomdahl's motions began, he refused to be transported from custody. The court therefore found Blomdahl waived his presence by voluntarily excusing himself. According to the record, Blomdahl had the requisite notice and warning for the court to properly infer under Rule 9.1. that his absence was voluntary. As Blomdahl concedes, he did not request a hearing or otherwise attempt to rebut the Rule 9.1 inference. *See Reed*, 196 Ariz. at 39, ¶ 3 (defendant has burden of rebutting the superior court's inference of voluntary absence). The court did not abuse its discretion.

III.     Jury Instructions

¶17 Blomdahl contends the superior court erred by denying his request for a jury instruction on manslaughter and negligent homicide as

lesser-included offenses of first-degree murder. *See State v. Celaya*, 135 Ariz. 248, 251 (1983) (A lesser-included offense is an offense "composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one.").

**¶18**        We need not decide whether the court erred by refusing to give manslaughter and negligent homicide instructions because the court instructed the jury on second-degree murder as a lesser offense of first-degree murder. By finding Blomdahl guilty of the charged offense, the jury—as instructed—did not consider second-degree murder and thus logically would not have considered manslaughter or negligent homicide, which are lesser-included offenses of second-degree murder. Accordingly, if the court erred by not instructing the jury on manslaughter or negligent homicide, the error was harmless. *State v. Nelson*, 229 Ariz. 180, 186, ¶ 24 (2012); *Amaya-Ruiz*, 166 Ariz. at 174; *State v. Vickers*, 159 Ariz. 532, 542-43 (1989); *see State v. Nieto*, 186 Ariz. 449, 456 (App. 1996) ("The general rule is that negligent homicide is a lesser-included offense of manslaughter and the only difference between the offenses is an accused's mental state at the time of the incident.").

IV.    Presentence Incarceration Credit

**¶19**        Blomdahl argues the superior court should have credited him with an additional eight days of presentence incarceration credit for a total of 1199 days. In response, the State concedes Blomdahl was in pretrial custody for 1199 days and thus entitled to that amount of presentence incarceration credit. As the State notes, however, the superior court erred by applying Blomdahl's time-served credits to each of his consecutive sentences. *See State v. McClure*, 189 Ariz. 55, 57 (App. 1997) ("When consecutive sentences are imposed, a defendant is not entitled to presentence incarceration credit on more than one of those sentences, even if the defendant was in custody pursuant to *all* of the underlying charges prior to trial."). Thus, although the court should have awarded eight days of credit to one sentence, the State argues Blomdahl ultimately was not prejudiced because he "received almost triple the amount of presentence incarceration to which he was entitled[.]"

**¶20**        We recognize that the court erred by crediting time-served to each sentence. But the State did not appeal and challenge that error, thus precluding our authority to correct it. *See State v. Dawson*, 164 Ariz. 278, 286 (1990) ("In the absence of a timely appeal or cross-appeal by the state seeking to correct an illegally lenient sentence, an appellate court has no

subject matter jurisdiction to consider that issue.").  A too-lenient sentence that we cannot correct due to the State's inaction, should not prohibit correction to a legally incorrect sentence that, by itself, is prejudicial.

**¶21**        The superior court was required to credit Blomdahl for "[a]ll time actually spent in custody[.]"  A.R.S. § 13-712(B).  By failing to include eight days that Blomdahl was in custody before he was sentenced, the court thus erred in awarding only 1191 days.  We therefore vacate the 1191 days of presentence incarceration credited to the sentence for count 1, and award 1199 days to that sentence.  Lacking the jurisdiction to correct the errors in awarding presentence incarceration to the sentences in counts 2 and 3, we affirm those awards.

V.        Sentencing Order

**¶22**        While this appeal was pending, Blomdahl filed a motion to transfer jurisdiction to correct a clerical error requesting jurisdiction be revested in the superior court to correct a statutory citation in the sentencing order.  Specifically, the sentencing order incorrectly refers to A.R.S. § 13-751 in connection with Blomdahl's sentence for first-degree murder.  That statute applies to capital cases, not to cases such as this one in which the State did not file a notice of intent to seek the death penalty.  *Compare* A.R.S. § 13-751(A), *with* A.R.S. § 13-752(A).

**¶23**        This court has authority to correct clerical and similar errors in sentencing orders.  *See State v. Vandever*, 211 Ariz. 206, 210, ¶ 16 (App. 2005) (amending minute entry to show conviction was for a class 6, not class 3, felony).  Accordingly, having previously denied the motion, we amend the sentencing order entered November 26, 2019, by replacing the reference to A.R.S. § 13-751 with a reference to A.R.S. § 13-752.

**¶24**        Finally, Blomdahl personally filed an untitled forty-four-page pleading with this court wherein he "[p]etition[s] the government for a redress of his grievances."  Blomdahl is represented by counsel on appeal; he is not entitled to hybrid representation.  *See State v. Dixon*, 226 Ariz. 545, 553, ¶ 39 (2011).  We therefore summarily deny his request.

## CONCLUSION

¶25 We affirm Blomdahl's convictions. We amend the sentencing order to award an additional eight days of presentence credit only to the sentence imposed for count 1, and we correct a clerical error in the sentencing order. We otherwise affirm the sentences imposed.



AMY M. WOOD • Clerk of the Court
FILED: AA