NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOHN RIGGINS, *Appellant.*

No. 1 CA-CR 20-0594
FILED 12-21-2021

Appeal from the Superior Court in Maricopa County
No. CR2018-001854-001
The Honorable Warren J. Granville, Judge *Retired*
The Honorable Rosa Mroz, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Chief Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Samuel A. Thumma joined.

---

**C A T T A N I**, Chief Judge:

¶1        John Riggins appeals his conviction of aggravated driving under the influence and the resulting sentence.  Riggins's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Riggins filed a supplemental brief raising four claims of error, which we address below.  Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  After reviewing the record, we affirm Riggins's conviction and sentence.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        One evening in December 2017, Arizona Department of Public Safety Trooper Valdez pulled over a car with one headlight out after it made a wide left turn.  When the trooper approached, a cloud of smoke smelling like burnt marijuana roiled out as the driver's window rolled down. Riggins, who was in the driver's seat, "nodded no" when the trooper asked if he had a driver's license.   Motor Vehicle Division records confirmed that Riggins had no Arizona driver's license and that his driving privilege had been suspended in February 2011 (with notice given) and had not been reinstated since.

¶3        When Trooper Valdez asked Riggins if he had been smoking marijuana, Riggins "nodded yes" and said he had been smoking in the car. The single passenger in the car also showed signs of impairment.  Riggins stepped out of the car at the trooper's request, then went to sit on the trunk. Trooper Valdez did not see Riggins smoke or ingest anything after pulling him over.  Riggins was taken to metro booking where DPS Trooper Jones, a qualified phlebotomist, drew Riggins's blood.  His blood tested positive for 3.0 ng/ml of THC, the psychoactive component of marijuana.

¶4        The State charged Riggins with two counts of aggravated DUI: (1) driving while impaired while his privilege to drive was suspended,

2

*see* A.R.S. §§ 28-1381(A)(1), -1383(A)(1), and (2) driving with any drug defined in § 13-3401 or its metabolite in his body while his privilege to drive was suspended, *see* A.R.S. §§ 28-1381(A)(3), -1383(A)(1). Riggins was released on bond and later failed to appear for trial, which proceeded in his absence. The jury hung on the first count but found him guilty of the second.

**¶5** Riggins was arrested on a bench warrant within a few weeks, but sentencing was delayed for a year and a half to accommodate proceedings on other charges pending against him and, later, due to COVID restrictions. The superior court ultimately found that Riggins had multiple historical prior felony convictions and sentenced him as a category 3 repetitive offender to a minimum term of 8 years' imprisonment, with credit for 668 days of presentence incarceration. Riggins timely appealed.

## DISCUSSION

### I.    Riggins's Supplemental Brief.

**¶6** Riggins filed a supplemental brief challenging (1) the admissibility of the blood test results, (2) the sufficiency of the evidence that he was driving, (3) the sufficiency of the evidence that the THC was in his system at the relevant time, and (4) the continuing viability of his conviction after Arizona legalized marijuana.

**¶7** First, Riggins argues that blood must be drawn within two hours of a traffic stop for toxicology results to be admissible at trial, and he asserts that his blood was drawn 22 minutes too late. But Riggins offers no authority for a two-hour blood-draw time limit. A different type of DUI requires proof of blood *alcohol* concentration above a certain threshold "within two hours of driving," *see* A.R.S. § 28-1381(A)(2), but even there, the blood *draw* need not occur within two hours as long as BAC at the relevant time can be calculated reliably, such as by retrograde extrapolation. *See, e.g., State ex rel. Montgomery v. Miller*, 234 Ariz. 289, 297–304, ¶¶ 16–54 (App. 2014).

**¶8** Next, Riggins contests the sufficiency of the evidence to support his conviction. Substantial evidence may be direct or circumstantial and is "such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. West*, 226 Ariz. 559, 562, ¶ 16 (2011) (citation omitted). Here, although Riggins asserts that he was not driving and was instead the passenger in the car, Trooper Valdez testified that he approached the driver's side window within seconds after pulling the car

over and saw Riggins in the driver's seat. Riggins offered no contrary evidence at trial. Similarly, although Riggins asserts that he ate two grams of marijuana after getting out of the car, meaning the THC detected in his blood might not have been in his system while driving, Trooper Valdez testified that did not see Riggins consume marijuana after pulling him over, including while Riggins walked to the back of the car. Again, Riggins offered no contrary evidence at trial.

¶9        Finally, Riggins argues that because marijuana is now legal in Arizona, his conviction of driving with THC in his body (but without proof of impairment) was invalid. In November 2020, Arizona voters approved an initiative legalizing limited adult possession and use of marijuana. *See* A.R.S. §§ 36-2850 to -2865. One provision restricts conviction of DUI based on presence of marijuana or its metabolites under § 28-1381(A)(3) to "only if the person is also impaired to the slightest degree." *See* A.R.S. § 36-2852(B). Here, the jury hung on the count alleging that Riggins was driving while impaired to the slightest degree, *see* A.R.S. § 28-1381(A)(1), but convicted him based on presence of THC (a component of marijuana) in his system while driving, *see* A.R.S. § 28-1381(A)(3). But even assuming Riggins might prevail under § 36-2852(B) as it stands today, that provision was not adopted until November 2020 and did not include a retroactivity clause, and here, Riggins committed the offense in December 2017 and was found guilty by a jury in June 2019. *Cf.* A.R.S. § 1-244 ("No statute is retroactive unless expressly declared therein."); A.R.S. § 36-2862(A), (G) (permitting expungement of certain marijuana-possession convictions (or dismissal of pending cases) for conduct occurring before the effective date of marijuana legalization, but not including marijuana-based DUI under § 28-1381(A)(3)).

## II.      Fundamental Error Review.

¶10        We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

¶11        Riggins was represented by counsel at all stages of the proceedings against him. Riggins was not present for trial, but he had actual knowledge of the time and date set, had been informed of his right to be present, had been warned that the proceedings could go forward without him, and never offered an excuse to show that his absence had not been voluntary. *See* Ariz. R. Crim. P. 9.1; *State v. Reed*, 196 Ariz. 37, 38–39, ¶ 3 (App. 1999); *State v. Sainz*, 186 Ariz. 470, 473 (App. 1996). The record reflects that the superior court afforded Riggins all his constitutional and

statutory rights and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial was sufficient to support the jury's verdict. Riggins's sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.

**CONCLUSION**

¶12 Riggins's conviction and sentence are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Riggins's representation in this appeal will end after informing Riggins of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Riggins has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA