NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ELIJAH ROWAN, *Appellant*.

No. 1 CA-CR 21-0390
FILED 9-6-2022

Appeal from the Superior Court in Maricopa County
No.  CR2020-129240-001
The Honorable Margaret LaBianca, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Dawnese Hustad
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Peter B. Swann joined.

**P A T O N**, Judge:

¶1        Elijah Jeavoh Rowan appeals his convictions from a jury trial *in absentia*, arguing his absence was involuntary.  We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        "We view the facts in the light most favorable to sustaining the jury's verdicts," resolving all reasonable inferences against Rowan.  *See State v. Felix*, 237 Ariz. 280, 283, ¶ 2 (App. 2015).

¶3        In August 2020, the State charged Rowan with aggravated assault (count 1), unlawful discharge of a firearm (count 2), and misconduct involving weapons (count 3).  The State later dismissed count 1.

¶4        Rowan was present and in custody at his arraignment.  The superior court asked Rowan several questions and determined that he knowingly, intelligently, and voluntarily waived his right to a preliminary hearing.  The court informed Rowan of his upcoming court dates and said that if he failed to appear while out of custody, the court could issue a warrant for his arrest.  The court told Rowan to stay in contact with his counsel and cautioned him that the trial could proceed in his absence, which Rowan verbally acknowledged understanding.  He signed a release order warning the same and posted bond in October 2020.

¶5        Rowan was present at his December 2020 hearing and his counsel told the superior court she had not heard from Rowan since mid-November.  After the court told Rowan he needed to stay in touch with his counsel, Rowan said he needed her phone number.  Defense counsel responded that Rowan had her number when he previously texted her but she would give it to him again.

¶6        Rowan was thirty minutes late to a hearing in early February 2021.  The superior court reminded Rowan that he needed to timely appear, discussed the consequences of non-appearance, and noted the upcoming hearing dates.  Rowan told the court he understood.

¶7        Rowan was present at the mid-February 2021 settlement conference and confirmed several times that he understood what was being discussed.  He rejected the State's plea offer.  The superior court affirmed the Final Trial Management Conference ("FTMC") date.  After Rowan twice confirmed he understood the consequences of non-appearance, the court adjourned.

¶8     After the settlement conference, Rowan attempted suicide and was hospitalized.  In early March 2021, defense counsel filed a motion to continue the FTMC and Trial Assignment hearing, informing the superior court she visited Rowan at the hospital and was told he was stable but may require psychological observation.  The court granted the motion. The State later moved to continue the same two proceedings, noting in its motion that Rowan had "been in an in-patient mental health facility for a few weeks."  The court granted the motion.

¶9     Rowan was not present at the FTMC in late May 2021. Defense counsel told the FTMC court she last spoke to Rowan "a couple weeks ago" after his release from a psychiatric center.  The State asked the court to issue a bench warrant and moved to proceed *in absentia*.  Defense counsel objected, stating that when she last spoke to Rowan she "did not necessarily talk to him about this next upcoming court date to be sure he had the details."  The court granted the State's request for a warrant.  It did not directly rule on the State's request to proceed *in absentia* but affirmed the Trial Assignment hearing date.

¶10     Rowan's Trial Assignment hearing took place in early June 2021 before a different judicial officer.  Rowan's appearance at this hearing had previously been waived.  At the outset, the Trial Assignment court said it wanted to make a record of what notice Rowan had of the FTMC.  Defense counsel told the court that (1) she visited Rowan at the hospital after his suicide attempt, (2) Rowan was transferred to a psychiatric treatment center and stayed there "for quite some time," (3) she spoke to Rowan "several times" when he was at the psychiatric treatment center, (4) after Rowan was discharged, she had one phone conversation with him on April 13, 2021, (5) during the phone call, she told Rowan there would be a continuance, (6) she was unable to contact Rowan after the continuance was granted to inform him of the new court date, (7) her investigator was unable to locate Rowan, and (8) she contacted the mother of Rowan's children who had not been in contact with Rowan.

¶11     Defense counsel generally objected to the proceeding moving forward, stating she had concerns about notice and whether Rowan voluntarily absented himself from the FTMC due to his "questionable mental state."  The Trial Assignment court asked defense counsel: "And you've given all of this information to [the FTMC Judge], and she affirmed the trial date anyway?"  Defense counsel replied that although she told the FTMC court about Rowan's "mental health situation in the past," she had not provided all the details.  The State argued that Rowan was aware the case was pending and should have apprised himself of the court dates.

Defense counsel responded she was uncomfortable waiving Rowan's presence at trial given recent events. She argued that even if Rowan had stayed in contact with her, there would still be mental health questions to address, stating: "[I]f [Rowan] were to appear and then I would have competency concerns, I think that's a whole can of worms that I would rather not be opening."

¶12        The State asked defense counsel: "[I]f there [were] . . . competency concerns, then why didn't this case go through—or why haven't we put [Rowan] through Rule 11?" Defense counsel replied that following their April 13 phone call, she planned to meet with Rowan in person but he stopped contacting her, thus preventing her from addressing potential competency issues. The State responded that any competency concern was "hypothetical," and it was ready to proceed to trial. The Trial Assignment court set the case for trial.

¶13        Rowan was not present at his mid-June 2021 trial. The jury convicted him on counts 2 and 3. In late June, police arrested Rowan after contacting him regarding other charges. At sentencing, the superior court found aggravating and mitigating factors present—including mental health as a mitigator. The court imposed the presumptive term of 3.5 years on count 2 and a slightly mitigated, concurrent term of seven years on count 3.

¶14        Rowan timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4033(A)(1).

## DISCUSSION

¶15        On appeal, Rowan argues (1) the superior court improperly inferred his absence was voluntary under Arizona Rule of Criminal Procedure 9.1 and (2) the Trial Assignment court abused its discretion by setting the case for trial despite receiving evidence suggesting his absence was involuntary due to potential incompetency.

**I.        The superior court did not err in inferring that Rowan's absence was voluntary under Rule 9.1.**

¶16        Rowan contends the superior court improperly inferred his absence was voluntary under Rule 9.1. We disagree.

¶17        A defendant has a constitutionally protected right to be present at trial. U.S. Const. amend. VI; Ariz. Const. art. 2, § 24; *State v. Levato*, 186 Ariz. 441, 443 (1996). But a defendant may voluntarily relinquish

4

this right. *State v. Garcia-Contreras*, 191 Ariz. 144, 147, ¶ 9 (1998). A defendant who is out of custody has a responsibility to maintain contact with his counsel and the superior court. *State v. Love*, 147 Ariz. 567, 570 (App. 1985). His failure to do so may be considered by the court in determining whether his absence was voluntary. *See id.*; *see also State v. Sanchez*, 116 Ariz. 118, 120 (App. 1977) (a defendant who fails to ascertain when his trial would begin and fails to communicate with counsel permits the inference that his absence is voluntary). The superior court's determination of whether a defendant's absence was voluntary or involuntary is a factual finding we review for an abuse of discretion. *State v. Reed*, 196 Ariz. 37, 38, ¶ 2 (App. 1999).

**¶18** Under Arizona Rule of Criminal Procedure 9.1, the superior court "may infer that a defendant's absence is voluntary if the defendant had [1] actual notice of the date and time of the proceeding, [2] notice of the right to be present, and [3] notice that the proceeding would go forward in the defendant's absence." *See State v. Hall*, 136 Ariz. 219, 222 (App. 1983) (defendant's absence at trial presumed voluntary and construed as valid waiver of the right to be present when circumstances indicate Rule 9.1 has been satisfied).

**¶19** Here, defense counsel told Rowan the proceeding would be continued during their April 13 phone call. And, even if defense counsel did not provide him with the continued dates, he was instructed by the court to maintain contact with his counsel but failed to do so. *See State v. Muniz-Caudillo*, 185 Ariz. 261, 262 (App. 1996) (absence voluntary where defendant did not have personal notice of the continued trial dates but failed to maintain contact with counsel or appear at subsequent proceedings despite the superior court admonishing defendant of the consequences of absence).

**¶20** Rowan was aware he had a right to be present at trial and was warned several times that trial could proceed in his absence, yet he failed to stay in consistent contact with his counsel and failed to appear at hearings following his suicide attempt. *See State v. Fristoe*, 135 Ariz. 25, 34-35 (App. 1982). Under these circumstances, the superior court was permitted to infer that Rowan's absence was voluntary.

## II.    The Trial Assignment court did not abuse its discretion in setting the case for trial.

¶21        Rowan next argues the Trial Assignment court failed to give proper weight to information presented by his counsel suggesting his absence was involuntary due to potential incompetency.  We disagree.

¶22        Rowan concedes that a suicide attempt does not require a finding that a defendant's absence from trial was involuntary.  *See Reed*, 196 Ariz. at 39, ¶ 7 ("[D]epending on the circumstances, absence occasioned by attempted suicide may be a voluntary waiver of the right to be present at trial.").  But he contends that, when combined with his hospitalization and psychiatric treatment, his suicide attempt was sufficient to indicate serious mental illness and potential incompetence.

¶23        A mentally incompetent defendant is incapable of knowingly or intelligently waiving constitutional rights.  *State v. Evans*, 125 Ariz. 401, 402 (1980) (citing *Pate v. Robinson*, 383 U.S. 375 (1966)).  A defendant has a right to a mental health examination to determine competency when reasonable grounds for an examination exist.  *See* Ariz. R. Crim. P. 11.3; *see also State v. Messier*, 114 Ariz. 522, 525 (App. 1977) (the superior court has broad discretion in determining whether reasonable grounds for a competency examination exist).  Such grounds exist if "there is sufficient evidence to indicate that the defendant is not able to understand the nature of the proceeding against him and to assist in his defense."  *State v. Amaya-Ruiz*, 166 Ariz. 152, 162 (1990) (quoting *State v. Borbon*, 146 Ariz. 392, 395 (1985)).

¶24        Although the superior court must consider information a defendant provides regarding the voluntariness of his absence, it is not required to conduct a hearing unless the defendant meets the burden of establishing a colorable claim that his absence was involuntary.  *Reed*, 196 Ariz. at 39, ¶ 4; *Fristoe*, 135 Ariz. at 34-35.

¶25        Rowan asserts the record contains evidence of "persistent and pervasive competency concerns."  We disagree.  Rowan appeared at multiple pretrial hearings, during which no competency concerns were raised.  At his arraignment, the superior court determined his preliminary hearing waiver was made knowingly, intelligently, and voluntarily. Rowan actively engaged in and confirmed he understood what was occurring at the pretrial proceedings he attended, including the settlement conference where he asked several questions.  The record does not support

Rowan's claim that his pretrial appearances displayed a "pattern of mental deterioration."

¶26 Moreover, at the Trial Assignment hearing, when pressed by the State as to why Rowan had not undergone a Rule 11 evaluation if competency was a concern, defense counsel said she would have addressed competency issues if she had met with Rowan in person after he was discharged. But defense counsel had been in contact with Rowan. She visited him at the hospital after his suicide attempt and spoke to him during treatment and after his discharge in April 2021. Yet no Rule 11 motion was made and no competency concerns were mentioned at the May 2021 FTMC. *See* Ariz. R. Crim. P. 11.2(a)(1) (either party may move, or the superior court may order sua sponte, for a defendant to undergo an examination to determine his competence to stand trial). Additionally, when defense counsel discussed competency concerns at the Trial Assignment hearing, they were speculative and grounded in the fact that she was unable to meet with Rowan in person because he had absconded.

¶27 We cannot say the Trial Assignment court abused its discretion in determining there were not reasonable grounds to sua sponte inquire into Rowan's competency. Indeed, the record before it did not show Rowan lacked a rational and factual understanding of the proceedings against him or that he could not rationally consult with his counsel. *See Amaya-Ruiz*, 166 Ariz. at 162 (citation omitted); *see also Fristoe*, 135 Ariz. at 34 (superior court required to conduct a hearing only when defendant establishes a colorable claim of involuntary absence). Although a better practice might be to make specific findings to determine whether a competent waiver exists, the absence of such findings is not reversible error if the record is adequate. *See State v. Howland*, 134 Ariz. 541, 549 (App. 1982); *see also LaCount v. Mroz*, 253 Ariz. 49, 52-54, ¶¶ 8-11 (App. 2022) (although it may have been prudent for the superior court to take the "limited step" of ordering a preliminary examination under Rule 11.2(c) "to assist the court in determining if reasonable grounds exist[ed] to order the defendant's further examination," such an order was discretionary).

¶28 In short, aside from defense counsel stating she was "not sure where [Rowan was] at mentally right now," Rowan's suicide attempt and treatment was the only information in the record concerning his competency. Based on this speculative assertion, we cannot say the Trial Assignment court erred in determining the case could proceed to trial in Rowan's absence. *See State v. Sainz*, 186 Ariz. 470, 473 (App. 1996) (in determining whether a defendant's absence is voluntary or involuntary, the superior court must consider all the facts presented to it on the issue); *see*

*also Reed*, 196 Ariz. at 39, ¶ 7 (because the defendant "made a voluntary decision to try to end his life and thereby avoid his trial, the trial court did not err in finding that his suicide attempt and consequent hospitalization constituted a voluntary waiver of his right to be present at the remainder of his trial.").

**¶29** Based on the record before it, we find that the Trial Assignment court did not abuse its "broad discretion" by not sua sponte ordering inquiry into Rowan's competency. *See State v. Romero*, 130 Ariz. 142, 147 (1981) (superior court has broad discretion in determining if reasonable grounds exist and such determination is upheld absent a "manifest abuse of discretion."); *see also State v. Armstrong*, 208 Ariz. 345, 354, ¶ 40 (2004) (abuse of discretion occurs when "no reasonable judge would have reached the same result under the circumstances.").

## CONCLUSION

**¶30** We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA