NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

EDMUND DWAINE HUNT, II, *Appellant.*

No. 1 CA-CR 23-0305
FILED 04-30-2024

Appeal from the Superior Court in Mohave County
No. S8015CR202201124
The Honorable Billy K. Sipe, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Zachary Law Group, PLC, Mesa
By Jessica Zachary
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Andrew M. Jacobs joined.

---

**P A T O N,** Judge:

¶1       Edmund Dwaine Hunt II appeals his conviction and sentence for theft of means of transportation. Hunt's counsel has advised us that in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), counsel has diligently searched the record and found no arguable question of law that is not frivolous. Counsel asks this court to conduct an *Anders* review of the record. Hunt was provided an opportunity to file a pro se supplemental brief but did not do so. This court has reviewed the briefs and the record and found no reversible error. We therefore affirm Hunt's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶2       Deputy Bridgman was patrolling a neighborhood on July 3, 2022, when John[1] flagged him down. John reported that someone had stolen his motor scooter from his front porch. Deputy Bridgman submitted a police report and documented the scooter as stolen.

¶3       A couple of months later, Sergeant Matthews saw someone driving a scooter without a license plate. The sergeant stopped the driver, who identified himself as Hunt. Hunt was unable to provide any paperwork for the scooter; he claimed he purchased it for $200 from a friend he did not identify. Sergeant Matthews ran the scooter's vehicle identification number, which indicated it was stolen.

¶4       Sergeant Matthews summoned John to the scene. John noticed that the scooter's license plate was missing and the ignition had been rewired, presumably to "kickstart" the scooter without a key. John identified the scooter as his and Sergeant Matthews arrested Hunt.

¶5       A grand jury indicted Hunt for theft of means of transportation. He was released on bond. Hunt was initially present on the

---

[1] We use a pseudonym to protect the victim's identity.

first day of the two-day trial but left before jury selection began and did not return. Three witnesses testified at the trial: John, Deputy Bridgman, and Sergeant Matthews. Before dismissing the jury for deliberations, the superior court instructed the jury not to consider or speculate about Hunt's absence. The jury found Hunt guilty of theft of means of transportation. Hunt was subsequently arrested pursuant to a bench warrant two days later.

¶6 Hunt was present at his sentencing hearing in July 2023. The court found Hunt had two historical prior felony convictions, which it considered an aggravating circumstance. The court suspected Hunt's drug use affected his decision-making and thus considered it a mitigating circumstance. It also found that support from Hunt's family was a mitigating circumstance. After balancing these factors, the court sentenced Hunt to the presumptive term of 11.25 years and awarded him 132 days of presentence incarceration credit.

## DISCUSSION

¶7 We have reviewed and considered counsel's brief and reviewed the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). We find no reversible error.

¶8 The record contains sufficient evidence to support Hunt's conviction and sentence. Counsel represented Hunt at all critical stages. Hunt was either present at all critical stages or voluntarily waived his right to be present. *See State v. Bohn*, 116 Ariz. 500, 503 (1977); *see also* Ariz. R. Crim. P. 9.1 ("The court may infer that a defendant's absence is voluntary if the defendant had actual notice of the date and time of the proceeding, notice of the right to be present, and notice that the proceeding would go forward in the defendant's absence."). A defendant bears the burden of proving his absence was involuntary. *State v. Reed*, 196 Ariz. 37, 39, ¶ 3 (App. 1999). All proceedings complied with the Arizona Rules of Criminal Procedure, and Hunt's sentence is within the permissible statutory range. We find no reversible error.

## CONCLUSION

¶9 We affirm Hunt's conviction and sentence. Upon the filing of this decision, defense counsel is directed to inform Hunt of the status of his appeal and his future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Hunt shall have thirty days from the date of this

decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    TM