IN THE COURT OF APPEALS

FILED BY CLERK

AUG −8 2007

COURT OF APPEALS
DIVISION TWO

THE STATE OF ARIZONA,                )
                                     )          2 CA-CR 2006-0095
                     Appellee,       )          DEPARTMENT B
                                     )
              v.                     )          O P I N I O N
                                     )
THOMAS GILES CONNOLLY,               )
                                     )
                     Appellant.      )
_____)


APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20051500

Honorable Frank Dawley, Judge Pro Tempore

AFFIRMED IN PART AND VACATED IN PART

---

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Jessica L. Quickle                                    Phoenix
                                                                   Attorneys for Appellee


Robert J. Hooker, Pima County Public Defender
  By Nancy F. Jones                                                            Tucson
                                                                   Attorneys for Appellant

---

E S P I N O S A, Judge.

**¶1**        Following a jury trial, appellant Thomas Connolly was convicted of robbery,

a class four felony.  The trial court imposed a slightly mitigated sentence of two years, to be

served concurrently with a slightly mitigated, 7.5-year sentence in another matter. The court ordered Connolly to pay attorney fees in the amount of $800, a $25 indigent defense fee, and a $20 time-payment fee in monthly installments upon his release from prison. The sole issue Connolly raises on appeal is whether the trial court erroneously imposed the $20 time-payment fee pursuant to A.R.S. § 12-116. Although the amount in controversy might be viewed as *de minimis*, no other Arizona decisions have directly addressed this precise issue, and it is one of first impression for which we issue an opinion. *See* Ariz. R. Sup. Ct. 111(b)(4), 17A A.R.S.

¶2        Section 12-116(A) provides, in pertinent part:

> In addition to any other assessment authorized by law, a fee of twenty dollars shall be assessed on each person who pays a court ordered penalty, fine, or sanction on a time payment basis, including parking penalties, restitution and juvenile monetary assessments. A time payment basis shall be any penalty, fine, or sanction not paid in full on the date the court imposed the fine, penalty or sanction.

¶3        We review issues of statutory construction *de novo*. *State v. Heartfield*, 196 Ariz. 407, ¶ 3, 998 P.2d 1080, 1081 (App. 2000). Connolly argues that the court-ordered attorney and indigent assessment fees are not a "penalty, fine, or sanction" under § 12-116. We agree. Both fees are authorized by A.R.S. § 11-584(B)(1) and (3), the statute enumerating a public defender's duties, and they are imposed to reimburse the county for costs of legal services. *See State v. Oehlerking*, 147 Ariz. 266, 269, 709 P.2d 900, 903 (App. 1985) (trial court is empowered to order reimbursement for legal services pursuant to Rule

6.7(d), Ariz. R. Crim. P., 16A A.R.S.). Such fees are not punitive in nature or related to other court-imposed penalties. Moreover, the absence of any reference to attorney fees in § 12-116, which specifically lists those assessments to which the time-payment fee applies, indicates the legislature's intent to exclude attorney fees from the statute. *See State v. Roscoe*, 185 Ariz. 68, 71, 912 P.2d 1297, 1300 (1996) (expression of one or more items of a class in a statute is construed as excluding those items not enumerated).

¶4          The state broadly argues that, because "the imposition of attorney's fees is often a 'penalty, fine, or sanction,'" an order to pay fees is subject to the time-payment fee under the statute. Assuming, without deciding, that attorney fees may be imposed as a sanction, there is no evidence that the trial court intended that to be so in this case. To the contrary, the trial court imposed a slightly mitigated sentence, noting it was not imposing a presumptive term in light of certain mitigating factors, including Connolly's family support and his mental health issues. The sentence imposed can hardly be interpreted as showing a predisposition by the court to sanction Connolly. The state also argues that, because Connolly was ordered to make payments in monthly installments, which require administrative processing, those payments necessarily fall under § 12-116. However, because the fees are not punitive in nature, and absent language in the statute requiring the imposition of a time-payment fee in every instance in which installment payments are ordered, we will not read such terms into the statute. *See State v. Sepahi*, 206 Ariz. 321, ¶ 16, 78 P.3d 732, 735 (2003) ("[A] statute's language is the most reliable index of its meaning.").

3

¶5 Because the trial court did not order Connolly to pay a "penalty, fine, or sanction," § 12-116(A), the court exceeded its jurisdiction in imposing the time-payment fee. Therefore, although we affirm Connolly's conviction and sentence, we vacate the requirement that he pay the $20 time-payment fee.

_____
PHILIP G. ESPINOSA, Judge

CONCURRING:


_____
PETER J. ECKERSTROM, Presiding Judge


_____
JOSEPH W. HOWARD, Judge