IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOSEPH E. DUSTIN, *Appellant*.

No. 1 CA-CR 18-0399
FILED 8-27-2019

Appeal from the Superior Court in Yavapai County
No. P1300CR201701095
The Honorable Patricia A. Trebesch, Judge, *Retired*

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

M. Alex Harris PC, Chino Valley
By M. Alex Harris
*Counsel for Appellant*

**OPINION**

Judge Michael J. Brown delivered the opinion of the Court, in which
Presiding Judge Diane M. Johnsen and Judge Jennifer M. Perkins joined.

**B R O W N**, Judge:

**¶1**         We address here whether the superior court lawfully imposed a "time payment fee" and a "criminal restitution order" at sentencing following Joseph E. Dustin's conviction for unlawful flight from a pursuing law enforcement vehicle.  We consider other issues Dustin raises in a separate memorandum decision.  *See* Ariz. R. Sup. Ct. 111(a)(2), (h); Ariz. R. Crim. P. 31.19(f).  For the following reasons, we affirm the court's imposition of the time payment fee but vacate the criminal restitution order.

## BACKGROUND

**¶2**         The State charged Dustin with one count of unlawful flight from a pursuing law enforcement vehicle, a class 5 felony.  After the jury returned a guilty verdict, the superior court sentenced Dustin to prison. The court imposed no fine authorized by A.R.S. § 13-801, but it ordered Dustin to pay the following: a time payment fee of $20; a public defender assessment fee of $25; a probation assessment (formerly known as a probation surcharge) of $20; a penalty assessment of $13; and a victim rights enforcement assessment of $2.  The court then reduced the monetary obligations to a criminal restitution order ("CRO").  Dustin timely appealed.

## DISCUSSION

### A.    Time Payment Fee

**¶3**         Dustin argues the superior court erred by imposing a time payment fee because there was no corresponding penalty, fine or sanction that triggered statutory authorization of the fee.  *See* A.R.S. § 12-116. Because Dustin did not object at sentencing, we review for fundamental error.  *State v. McDonagh*, 232 Ariz. 247, 248, ¶ 7 (App. 2013).  If the time payment fee was not authorized by statute, it constitutes an illegal sentence, and the court fundamentally erred in imposing it.  *Id.* at 248–49 (concluding that imposing "an unauthorized fine renders a criminal sentence illegal," which "constitutes fundamental error").

**¶4**         We review the interpretation of statutes de novo.  *State v. Francis*, 243 Ariz. 434, 435, ¶ 6 (2018).  "When the statutory language is clear and has only one reasonable construction, we apply it according to its plain meaning."  *Id.*  We construe related statutes together, "seeking to give meaning to all provisions."  *Id.*

¶5         Our legislature has mandated that trial courts impose a time payment fee under the following circumstances:

> In addition to any other assessment authorized by law, *a fee of twenty dollars shall be assessed on each person who pays a court ordered penalty, fine or sanction on a time payment basis*, including parking penalties, restitution and juvenile monetary assessments.  A time payment basis shall be any penalty, fine or sanction not paid in full on the date the court imposed the fine, penalty or sanction.  Notwithstanding any other law, the time payment fee shall be collected first after restitution.  A judge may not waive or suspend a time payment fee.

A.R.S. § 12-116(A) (emphasis added).  This case does not involve a parking penalty, restitution or juvenile monetary assessment.  Instead, the propriety of the time payment fee turns solely on whether any of the following fees the court imposed constitutes a "penalty, fine or sanction": the public defender assessment fee, the probation assessment, the penalty assessment or the victim rights enforcement assessment.  Unless the superior court imposed a specific stand-alone penalty, fine or sanction that Dustin did not pay on the date of sentencing, the time payment fee was improper.

¶6         In *State v. Connolly*, 216 Ariz. 132, 132–33, ¶ 3 (App. 2007), we held that an "indigent assessment fee" is not a penalty, fine or sanction that can be the basis for imposing a time payment fee.  The current version of the statute at issue in *Connolly* is A.R.S. § 11-584(C)(1), which authorizes imposition of the indigent administrative assessment fee on defendants who receive appointed counsel.  The assessment is collected and paid to the county "for the cost of the person's legal services."  *See* A.R.S. § 11-584(C)(3); *see also Connolly*, 216 Ariz. at 132, ¶ 3 (assessment "imposed to reimburse the county for costs of legal services").  The sentencing order here described the fee as a "Public Defender Assessment Fee [Indigent Assessment Fee]."  We discern no meaningful distinction between the indigent fee at issue in *Connolly* and the public defender assessment fee imposed in this case; thus, the time payment fee cannot be justified on that basis.

¶7         The statute authorizing the $20 probation assessment states as follows:

> Except as provided in § 12-269(C) [(authorizing a different probation assessment for counties having a population greater than two million)], in addition to any other penalty,

fine, fee, surcharge or assessment authorized by law, *a person shall pay an assessment of twenty dollars on conviction of a criminal offense* or a finding of responsibility for a civil traffic violation, for a violation of any local ordinance relating to the stopping, standing, or operation of a vehicle, except parking violations, or for a violation of the game and fish statutes in title 17.

A.R.S. § 12-114.01(A) (emphasis added).[1]

**¶8**        We have described a "fine" as "a pecuniary form of punishment or sum of money exacted from a person guilty of an offense." *State v. Sheaves*, 155 Ariz. 538, 541 (App. 1987).  Put another way, "[a] fine is a criminal penalty that constitutes a sentence," *State v. Marquez-Sosa*, 161 Ariz. 500, 503 (App. 1989), and is "imposed upon the defendant after a judgment of guilty," *State v. Payne*, 223 Ariz. 555, 565, ¶ 31 (App. 2009) (citation and quotations omitted).

**¶9**        In determining whether an assessment is a fine, we consider the following factors: "(1) when the assessment could be recovered; (2) to whom the assessment was paid; and (3) any other indications suggesting the assessment was a fine rather than restitution or civil penalty." *Payne*, 223 Ariz. at 565, ¶ 33; *see Sheaves*, 155 Ariz. at 541–42.  In *Sheaves*, we addressed whether a "felony penalty assessment" constituted a fine and, therefore, a sentence for double punishment purposes. 155 Ariz. at 541.  The authorizing statute stated, in relevant part:

A. In addition to any other fine or assessment, each person convicted of a felony shall be assessed a penalty of:

1.  One hundred dollars if the person is an individual

. . .

B. Monies received pursuant to this section shall be transferred to the victim compensation fund . . . .

---

[1]        The legislature amended § 12-114.01, effective Jan. 1, 2019. *See* 2018 Ariz. Sess. Laws Ch. 237, § 1 (53d Leg., 2d Reg. Sess.).  Because the amendment did not materially change the statute as it applies here, we cite the current version of the statute.

A.R.S. § 13-812 (1986), *repealed by* 1993 Ariz. Sess. Laws, ch. 243, § 18 (1st Reg. Sess.). Applying the three factors, we concluded that the felony assessment imposed pursuant to § 13-812 was a fine:

> First, the felony penalty is a form of pecuniary punishment imposed by sentencing courts upon each person convicted of a felony. Second, the monies recovered under the statute go to the people of the State of Arizona by way of a legislatively created fund—the victim compensation fund. Finally, there is no indication that the felony penalty assessment is a civil penalty or restitution.

*Sheaves*, 155 Ariz. at 541–42. The *Sheaves* court also noted that although the victim compensation fund was intended to compensate crime victims, the felony penalty assessment was required to be imposed on any defendant convicted of a felony offense, without regard to whether the offense involved an identifiable victim. *Id.* at 541. As a result, "the manner in which [the assessment] is imposed . . . comports with the definition of 'fine.'" *Id.*; s*ee also Payne*, 223 Ariz. at 564–65, ¶¶ 31–34 (applying *Sheaves* and concluding a "prosecution fee" imposed on every convicted defendant constituted a fine, not a "remedial or compensatory assessment or fee[]").

¶10 Using the same analysis, the probation assessment imposed here is likewise a fine. First, as relevant here, the probation assessment is imposed at the time of sentencing and only upon a defendant who has been convicted of a criminal offense. A.R.S. § 12-114.01(A) ("[I]n addition to any other penalty, fine, fee, surcharge or assessment authorized by law, a person shall pay an assessment of twenty dollars on conviction for a criminal offense."). Second, the collected monies are deposited in a legislatively created account, the "judicial collection enhancement fund." A.R.S. § 12-114.01(B); *see* A.R.S. § 12-113 (establishing the judicial collection enhancement fund). Third, § 12-114.01(A) does not indicate that the probation assessment is a civil penalty (as contemplated in *Sheaves*) or restitution. Nor, unlike the indigent assessment fee at issue in *Connolly*, is the probation assessment tied to the particular defendant's use of public services or other circumstances that may vary from one case to another. *See Connolly*, 216 Ariz. at 132, ¶ 3. Though the probation assessment may have other ramifications in the civil context, here, "it effectively penalizes those defendants convicted of a [crime] after trial and thus essentially constitutes a fine." *Payne*, 233 Ariz. at 565, ¶ 34.

¶11 For these reasons, we hold that a probation assessment imposed under § 12-114.01 constitutes a fine that allows imposition of the

$20 time payment fee. Given this holding, we need not address whether the probation assessment also constitutes a penalty or sanction within the meaning of § 12-116(A). Nor do we consider whether a probation assessment imposed under § 12-114.01 in a non-criminal proceeding constitutes a penalty, fine or sanction.

**¶12** The State argues the time payment fee also was proper based on the $13 penalty assessment. According to the plain language of A.R.S. § 12-116.04, however, the penalty assessment mandated by that statute is not a stand-alone obligation—it requires that some other fine, penalty or forfeiture be imposed as a predicate, similar to the requirements of the time payment fee. *See* A.R.S. § 12-116.04(A) ("In addition to any other penalty assessment provided by law, a penalty assessment *shall be levied in an amount of thirteen dollars on every fine, penalty and forfeiture* imposed and collected by the courts for criminal offenses.") (emphasis added). As we have held, the probation assessment the court imposed on Dustin was a "fine." Having imposed a fine on Dustin when it imposed the probation assessment, the court also properly imposed the "penalty assessment." The same is true with the $2 victim rights enforcement assessment under A.R.S. § 12-116.09, which also requires a predicate fine, penalty or forfeiture.

### B. Criminal Restitution Order

**¶13** At sentencing, the superior court ordered that Dustin's "fines and fees be reduced to a criminal restitution order." Dustin argues the imposition of the CRO is fundamental, prejudicial error because he had not completed his sentence or absconded; nor was he placed on probation. The State concedes the error. Imposing a criminal restitution order that encompasses fees and assessments before the sentence expires or the defendant absconds is an illegal sentence constituting fundamental, reversible error. *State v. Cota*, 234 Ariz. 180, 184–85, ¶ 15 (App. 2014); *State v. Lopez*, 231 Ariz. 561, 562, ¶ 2 (App. 2013); *see also* A.R.S. § 13-805(B), (C)(1). Accepting the State's concession of error, we vacate the CRO.

## CONCLUSION

¶14     Dustin's conviction is affirmed; his sentence is affirmed as modified.



AMY M. WOOD • Clerk of the Court
FILED:   AA