NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

TRINT KLEINMAN,
*Appellant*.

No. 1 CA-CR 19-0618
FILED 10-20-2020

Appeal from the Superior Court in Navajo County
No. S0900CR201800105
The Honorable Dale P. Nielson, Judge

**CONVICTIONS AFFIRMED AS MODIFIED;
SENTENCES VACATED AND REMANDED FOR RESENTENCING**

COUNSEL

Navajo County Attorney's Office, Holbrook
By Michael R. Shumway
*Counsel for Appellee*

Law Office of Christian Ackerley, PLLC, Phoenix
By Christian C. Ackerley
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge David D. Weinzweig and Judge Lawrence F. Winthrop joined.

---

**T H U M M A**, Judge:

¶1            Defendant Trint Kleinman appeals his convictions and resulting prison sentences for three counts of sexual conduct with a minor, each Class 2 felonies and Dangerous Crimes Against Children (DCAC). Although rejecting Kleinman's claim of trial error, the court accepts the State's concession that the sentences imposed are grossly disproportionate and unconstitutional given the unique facts of this case. Accordingly, the convictions are affirmed as modified to Class 2 non-dangerous, non-DCAC felony offenses, the sentences are vacated and this matter is remanded for resentencing.

## FACTS AND PROCEDURAL HISTORY

¶2            Kleinman and the victim are siblings. Sometime between October 2009 and August 2011, the victim twice performed oral sex on Kleinman in exchange for him letting her play video games. Another time, Kleinman digitally penetrated her anus. Kleinman was 12 or 13 years old at the time, while the victim was 5 or 6 years old.

¶3            In 2017, when the victim was 13 years old, she told her mother about the incidents and her mother called the police. In early 2018, when Kleinman was 20 years old, a grand jury indicted him on three counts of sexual conduct with a minor under 15 years of age, Class 2 felonies and DCAC offenses. *See* Ariz. Rev. Stat. (A.R.S.) § 13-705 (2020).[1]

¶4            Trial took place in September 2019. The victim testified about the incidents. Before she had told her mother about the incidents, the victim testified Kleinman cried, said he was sorry and said he "was just trying what dad did." The victim testified their father was in prison for sexual misconduct with her oldest sister. Their mother testified and confirmed her

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

ex-husband (and the father of the victim, Kleinman and others) had been in prison since late 2009, having been convicted of sexual conduct with a minor where her oldest daughter was the victim. An older brother of the victim also testified at trial. When asked if he caused the victim to perform oral sex on him on two occasions, the older brother invoked his Fifth Amendment right against self-incrimination.

¶5         Another trial witness testified about one of the charges against Kleinman. During direct examination, the State sought to introduce a recording of an interview of that witness. Kleinman objected, arguing the recording included statements regarding unrelated other bad acts that were inadmissible. *See* Ariz. R. Evid. 404(b). Agreeing with Kleinman's objection, the court instructed the State to excerpt from the recording anything not pertaining to the specific charge. The recording, however, was not properly excerpted. As a result, the jury improperly heard four short references to a separate investigation of sexual misconduct involving Kleinman.[2] When the State stopped the recording after the jury heard the fourth improper reference, at sidebar, the court stated it was "worried about" the statements, and Kleinman moved that the recording be excluded. The court denied the motion, but struck the improper evidence from the record and instructed the jury that "any other reference to any other open cases against Mr. Kleinman is stricken from the record, and you must not consider that for any reason."

¶6         After further discussion outside of the presence of the jury, the court denied Kleinman's motion for mistrial. The court found the improper statements regarding the unrelated investigation were inadvertent and not flagrant, the jury did not know what conduct was being investigated, the statements were immediately stricken from the record and the jury was instructed to not consider the statements. The court added, "I think we have to trust the jury will follow the Court's instructions."

---

[2] Kleinman's opening brief states this unrelated investigation resulted in him "pleading guilty to Class 6 felony Sexual Conduct with a Minor in that Case, for having consensual sex with a young lady near his own age. The Jury didn't know that, though. All they heard was that a separate investigation of a sexual offense was conducted."

¶7            After deliberations, the jury found Kleinman guilty as charged. Given the victim's age at the time of the offenses, and that the convictions were DCAC offenses, the sentence for each conviction required a minimum of 13 years in prison, flat time and without possibility of early release, to be imposed consecutively. *See* A.R.S. § 13-705(B), (M).

¶8            At sentencing, noting Kleinman's age at the time of the offenses and his negative household environment, the State said it was "deeply concerned" the mandatory sentence was disproportionate to the offenses and unconstitutionally excessive. Accordingly, the State recommended a five-year prison term, a presumptive sentence for a Class 2 non-dangerous, non-repetitive felony, on one conviction, with lengthy probation grants for the other two convictions. The victim, the victim's attorney and the victim's (and Kleinman's) mother asked for leniency. Kleinman argued a 39-year prison sentence would be cruel and unusual and, therefore, unconstitutional.

¶9            The court found numerous mitigating factors, including Kleinman's age at the time of the offenses, the negative household environment, Kleinman's remorse, and the requests for leniency. Noting "everybody here agrees that this sentence is too much" and represented "39 years in prison for conduct that occurred when [Kleinman] was 12," which was disproportionate to the offenses, the court also expressed a belief it lacked "the authority to deviate from the statute." Accordingly, the court sentenced Kleinman to 13-year prison terms, flat time (no credit for early release) for each of the three convictions, to be served consecutively, properly awarding him 65 days of presentence incarceration credit. At the State's request, the court issued an order allowing Kleinman to submit an early petition to the Arizona Board of Executive Clemency for commutation of his sentences. See A.R.S. § 13-603(L) ("If at the time of sentencing the court is of the opinion that a sentence that the law requires the court to impose is clearly excessive, the court may enter a special order allowing the person sentenced to petition the board of executive clemency for a commutation of sentence within ninety days after the person is committed to the custody of the state department of corrections.").

¶10        This court has jurisdiction over Kleinman's timely appeal pursuant to Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and 13-4033(A).

## DISCUSSION

¶11        Kleinman argues (1) the superior court erred in denying his motion for mistrial and (2) the sentence imposed constitutes a cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. The State argues no mistrial was warranted but concedes the superior court should have the discretion to deviate from the DCAC sentencing requirements. Before addressing that concession, the court first addresses the denial of Kleinman's motion for mistrial.

## I.    The Superior Court Did Not Err in Denying Kleinman's Motion for Mistrial.

¶12        "'[T]he granting of a mistrial is an extreme remedy, it may and should be declared only as a result of some occurrence . . . of such a character that it is apparent to the court that because of it one of the parties cannot have a fair trial, or where further proceedings would be productive of great hardship or manifest injustice.'" *State v. Chaney*, 5 Ariz. App. 530, 535 (1967) (citation omitted). Although evidence of other bad acts is generally not admissible to prove "action in conformity therewith," Ariz. R. Evid. 404(b), courts "will not reverse a conviction based on the erroneous admission of evidence" unless there is a "'reasonable probability' that the verdict would have been different had the evidence not been admitted," *State v. Hoskins*, 199 Ariz. 127, 142–43 ¶ 57 (2000) (citation omitted). A ruling on a motion for mistrial is reviewed for an abuse of discretion. *State v. Welch*, 236 Ariz. 308, 314 ¶ 20 (App. 2014) (citing cases).

¶13        It is undisputed that the jury should not have heard about the separate investigation into Kleinman. Those four improper references, however, were brief and without context. Moreover, the court struck the improper evidence and instructed the jurors to disregard those references. Jurors are presumed to follow the court's instructions, *State v. Dann*, 205 Ariz. 557, 571 ¶ 48 (2003), and Kleinman does not suggest they failed to do so here. Moreover, given the evidence presented at trial, there is no reasonable probability that the verdict would have been different had the improper references not been played. Given the corrective measures taken by the superior court and the substantial evidence of guilt, Kleinman has not shown the court abused its discretion in denying his motion for mistrial.

For these same reasons, Kleinman has not shown fundamental error resulting in prejudice. *See State v. Escalante*, 245 Ariz. 135 (2018).

## II. The Parties Concede That the Sentences Imposed Cannot Stand and the Matter Be Remanded for Resentencing.

¶14 Kleinman argues the sentences imposed are cruel and unusual and in violation of the Eighth Amendment of the United States Constitution, relying on *State v. Davis*, 206 Ariz. 377 (2003). In *Davis*, the Arizona Supreme Court directed that, in assessing such a claim, "the reviewing court should examine the crime, and, if the sentence imposed is so severe that it appears grossly disproportionate to the offense, the court must carefully examine the facts of the case and the circumstances of the offender to see whether the sentence is cruel and unusual. *Davis*, 206 Ariz. at 384 ¶ 34. In undertaking this analysis, the court "first determines if there is a threshold showing of gross disproportionality by comparing 'the gravity of the offense [and] the harshness of the penalty.'" *State v. Berger*, 212 Ariz. 473, 476 ¶ 12 (2006) (quoting *Ewing v. California*, 538 U.S. 11, 28 (2003)). If this threshold showing is made, the court then undertakes both an intra- and inter-jurisdictional comparative analysis. *Davis*, 206 Ariz. at 385 ¶ 38 (citing cases). Grossly disproportionate sentences that "are mandatorily lengthy, flat, and consecutive" will not withstand constitutional scrutiny. *Davis*, 206 Ariz. at 388 ¶ 47.

¶15 Here, the sentences imposed are lengthy and, as mandated by the DCAC statute, flat and consecutive. Kleinman asks that his convictions be redesignated as Class 2 non-dangerous felony convictions, his sentences be vacated, and the matter be remanded for resentencing. *See Davis*, 206 Ariz. at 388 ¶ 48 ("We therefore vacate the sentences and remand this case to the trial court for resentencing for the offenses for which the convictions are affirmed as class two felonies, non-dangerous, pursuant to A.R.S. §§ 13–702" and what are now A.R.S. §§ 13-701 and -703.). The State acknowledges that the unique circumstances of this case show the sentences are grossly disproportionate to the offenses. Noting this is "an extremely rare case," the State concedes that the sentences cannot be affirmed consistent with constitutional limitations. Accordingly, the State concedes that the sentences should be vacated and this matter remanded for resentencing consistent with the approach in *Davis*.

¶16 Accepting the State's concession, *State v. Dustin*, 247 Ariz. 389 (App. 2019), the court vacates the sentences and remands for resentencing for the convictions as Class 2 non-dangerous felony offenses, pursuant to A.R.S. §§ 13–701, -702 and -703. *See Davis*, 206 Ariz. at 388 ¶ 48. In doing so,

it merits noting the State's concession appropriately is limited "to the unique facts and circumstances surrounding this case—the age of the defendant at the time he committed the acts, the non-violent nature of the acts, the defendant's exposure to sexual conduct within his family, the trial prosecutor's requested sentence of 5 years' imprisonment, the victim's request that the defendant receive the lowest possible sentence, and the trial court's comments that the sentence is clearly disproportionate."

## CONCLUSION

¶**17** Kleinman's convictions are affirmed as modified to Class 2 non-dangerous felony offenses, the sentences previously imposed are vacated and this matter is remanded for resentencing.



AMY M. WOOD • Clerk of the Court
FILED: AA