IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

STACEY ANN MCCARTNEY, *Appellant*.

No. 1 CA-CR 20-0477
FILED 7-1-2021

Appeal from the Superior Court in Maricopa County
No.  CR2016-030308-001
The Honorable Glenn A. Allen, Judge *Pro Tempore*

**AFFIRMED IN PART; VACATED IN PART AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jillian B. Francis
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jennifer Roach
*Counsel for Appellant*

**OPINION**

Judge Lawrence F. Winthrop delivered the opinion of the Court, in which
Presiding Judge Paul J. McMurdie and Judge Cynthia J. Bailey joined.

**W I N T H R O P**, Judge:

¶1            After Stacey Ann McCartney was convicted of two drug offenses, the superior court suspended her sentences, imposed probation, and ordered her to pay various fines, fees, and assessments.  She appealed her convictions and completed her probation before that appeal concluded.  After she completed probation, but while her appeal remained pending, the superior court entered a criminal restitution order under Arizona Revised Statutes ("A.R.S.") section 13-805(C)(1) that imposed interest on the unpaid balance of her payment obligations.  McCartney timely appealed from the order, arguing that under Arizona Rule of Criminal Procedure ("Rule") 31.7(a)(2), the court may not enter a criminal restitution order imposing interest on fines and other obligations until a defendant's appeal is concluded.  McCartney contends that to the extent § 13-805(C)(1) provides otherwise, it violates principles of separation of powers.

¶2            We hold that the two provisions conflict only insofar as they relate to entry of an order imposing fines and related surcharges.  Accordingly, we vacate the part of the criminal restitution order that includes McCartney's drug offense fine and surcharge, along with any accrued interest associated with that fine and surcharge, and remand that portion of the order.  We affirm the restitution order related to McCartney's other unpaid monetary obligations and associated interest.

## FACTS AND PROCEDURAL HISTORY

¶3            A jury convicted McCartney of possession or use of dangerous drugs (methamphetamine), a class four felony, and possession of drug paraphernalia, a class six felony.  *See* A.R.S. §§ 13-3407(A)(1), -3415(A).

¶4            The superior court suspended sentencing on both counts and placed McCartney on concurrent terms of supervised probation for two years.  As a condition of her probation, the court ordered McCartney to pay: (1) a monthly probation service fee, *see* A.R.S. § 13-901(A); (2) a time payment fee, *see* A.R.S. § 12-116; (3) a drug offense fine with an applicable surcharge totaling $1,830, *see* A.R.S. §§ 13-3407(H), 12-116.01, -116.02, 16-954(A); (4) a probation assessment, *see* A.R.S. §§ 12-114.01(A), -269; (5) criminal penalty assessments, *see* A.R.S. § 12-116.04(A); and (6) victim rights enforcement assessments, *see* A.R.S. § 12-116.09(A).

¶5            This court affirmed McCartney's convictions and probation on appeal.  *See State v. McCartney*, 1 CA-CR 18-0724, 2020 WL 1027666 (Ariz.

App. Mar. 3, 2020) (mem. decision). The Arizona Supreme Court later denied McCartney's petition for review, and the mandate in that appeal issued December 23, 2020.

**¶6** While McCartney's petition for review was pending, however, she was discharged from probation. Upon discharge, McCartney still owed $1,284 in monthly probation service fees, the $1,830 drug offense fine and surcharge, $26 for the criminal penalty assessments, and $4 for the victim rights enforcement assessments—for a combined total of $3,144. The day McCartney was discharged, the court entered a criminal restitution order, effective October 22, 2020, on the unpaid balance of each monetary obligation, plus accruing statutory interest.

**¶7** McCartney timely appealed the criminal restitution order. We have jurisdiction under the Arizona Constitution, article 6, section 9, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(3).

## ANALYSIS

**¶8** McCartney argues A.R.S. § 13-805(C)(1) violates separation of powers[1] because it conflicts with Rule 31.7(a)(2) and therefore intrudes on our supreme court's rulemaking power.

**¶9** We review *de novo* the interpretation of rules and statutes. *See Duff v. Lee*, 250 Ariz. 135, 138, ¶ 11 (2020); *State v. Hansen*, 215 Ariz. 287, 289, ¶ 6 (2007).

**¶10** In Arizona, the legislature possesses those powers "not expressly prohibited or granted to another branch of the government." *State ex rel. Napolitano v. Brown*, 194 Ariz. 340, 342, ¶ 5 (1999) (quoting *Adams v. Bolin*, 74 Ariz. 269, 283 (1952)). Our supreme court, however, has "exclusive constitutional authority to enact rules that govern procedural matters in all Arizona courts." *State ex rel. Romley v. Ballinger*, 209 Ariz. 1, 2, ¶ 6 (2004) (citing Ariz. Const. art. 6, § 5(5)). The supreme court cannot, however, enlarge or diminish substantive rights provided by statute. *Marianne N. v. Dep't of Child Safety*, 243 Ariz. 53, 56, ¶ 14 (2017) (citing *Daou v. Harris*, 139 Ariz. 353, 357-58 (1984)). Particularly in addressing topics, like

---

[1] Under Article 3 of the Arizona Constitution, our state government's three branches "shall be separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others."

restitution, implicating criminal victims' rights,[2] the legislative and judicial branches of government both have some rulemaking authority. *See Hansen*, 215 Ariz. at 290-91, ¶¶ 11-17; *Brown*, 194 Ariz. at 343, ¶ 11 (recognizing limitations on the legislature's rulemaking power under the Victims' Bill of Rights). However, "in the event of [an] irreconcilable conflict between a procedural statute and a rule, the rule prevails." *Seisinger v. Siebel*, 220 Ariz. 85, 89, ¶ 8 (2009).

**¶11** Presented with an argument that a statute violates separation of powers, we begin by determining whether the statute and the rule can be harmonized. *Id.* at 91, ¶ 24; *Hansen*, 215 Ariz. at 289, ¶¶ 7-8. When possible, we construe rules and statutes in a way that harmonizes them and does not violate the constitution. *See Readenour v. Marion Power Shovel*, 149 Ariz. 442, 445 (1986) (citing *Ariz. Downs v. Ariz. Horsemen's Found.*, 130 Ariz. 550, 554 (1981)); *State v. Silva*, 222 Ariz. 457, 460, ¶ 13 (App. 2009). Only if a conflict exists will we continue our analysis to determine whether a challenged provision is substantive or procedural, the former being the legislature's province and the latter the domain of the supreme court. *Seisinger*, 220 Ariz. at 91, ¶ 24; *Hansen*, 215 Ariz. at 289, ¶ 9.

**¶12** As we recently held in *State v. Meinerz*, 1 CA-CR 18-0557, 2019 WL 2647469 (Ariz. App. June 27, 2019) (mem. decision),[3] however, there is no express conflict between the two provisions. Because the two provisions do not irreconcilably conflict, A.R.S. § 13-805(C)(1) does not violate separation of powers.

**¶13** As relevant here, § 13-805(C)(1) requires that "[a]t the time" a defendant completes his or her probation or sentence, the superior court shall enter "[a] criminal restitution order in favor of the state for the unpaid balance, if any, of any fines, costs, incarceration costs, fees, surcharges or assessments imposed." Under § 13-805(E), enforcement of such an order by the state on its behalf "includes the collection of interest that accrues at

---

2       *See* Ariz. Const. art. 2, § 2.1 (enumerating the Victims' Bill of Rights).

3       Under Rule 111(c)(1)(C) of the Arizona Rules of the Supreme Court, "[m]emorandum decisions of Arizona state courts are not precedential and such a decision may be cited only . . . for persuasive value, but only if it was issued on or after January 1, 2015; no opinion adequately addresses the issue before the court; and the citation is not to a depublished opinion or a depublished portion of an opinion." *Meinerz*, which was issued after January 1, 2015, qualifies for citation under the conditions provided in Rule 111(c)(1)(C).

a rate of four percent a year."[4] Rule 31.7(a)(2) provides that "[a] sentence to pay a fine is stayed pending appeal." By its plain language, Rule 31.7(a)(2) pertains solely to fines and makes no mention of costs, fees, surcharges, penalties, or assessments. *See Meinerz*, 1 CA-CR 18-0557, at *4, ¶ 18 n.4.

**¶14** McCartney contends the statute and the rule conflict, but § 13-805(C)(1) says nothing about entry of a criminal restitution order while a defendant's appeal is pending. *Compare Hansen*, 215 Ariz. at 289, ¶¶ 7-8 (concluding that where a statute and rule provided "patently contradictory instructions," they could not be harmonized). Further, the statute imposes no deadline by which the superior court must issue a criminal restitution order, although it must do so "within a reasonable time" after the defendant completes his or her probation or sentence. *State v. Pinto*, 179 Ariz. 593, 596 (App. 1994). McCartney argues, however, that the statute conflicts with Rule 31.7(a)(2) because it allows interest to begin to run on a criminal restitution order before the defendant's appeal is concluded. We agree that a criminal restitution order for payment of a fine entered before the defendant's appeal is complete would be inconsistent with Rule 31.7(a)(2). Accordingly, we may harmonize § 13-805(C)(1) and the rule by construing the statute to allow entry of a criminal restitution order for the payment of a fine only after the defendant's appellate proceedings have concluded.

**¶15** In *Meinerz*, we confronted a situation much like that found here—in which a defendant's unpaid monetary sanctions were converted to a criminal restitution order while his appeal was pending—and concluded A.R.S. § 13-805(C)(1) and Rule 31.7(a)(2) could be harmonized. *See* 1 CA-CR 18-0557, at *3-4, ¶¶ 16, 20. We further concluded that "[w]ithout striking down any portion of A.R.S. § 13-805, . . . Rule 31.7(a)(2) requires that entry of a [criminal restitution order] for payment of a fine must be stayed pending a defendant's appeal." *Id.* at *4, ¶ 21. We then vacated the defendant's criminal restitution order for the drug offense fine and surcharge, along with accrued interest, and ordered the criminal restitution order stayed until the final mandate in the appeal was issued.[5] *Meinerz*, 1 CA-CR 18-0557, at *4, ¶ 23. We also held that our decision was

---

[4] The interest rate may be greater in other instances. *See* A.R.S. §§ 13-805(E), 44-1201.

[5] In *Meinerz*, the criminal restitution order was issued during the pendency of the defendant's appeal from his convictions and sentences, and the defendant filed an amended notice of appeal to incorporate issues arising from the criminal restitution order. *See* 1 CA-CR 18-0557, at *1, ¶ 3.

not meant to modify the portion of the criminal restitution order relating to the monthly probation service fee. *Id.*[6]

¶16            Construing § 13-805(C)(1) in this manner is consistent with the rule that "[o]ur rules of procedure and statutes should be harmonized wherever possible and read in conjunction with each other." *Phoenix of Hartford, Inc. v. Harmony Rests., Inc.*, 114 Ariz. 257, 258 (App. 1977). Because A.R.S. § 13-805(C)(1) and Rule 31.7(a)(2) can be harmonized, they do not irreconcilably conflict.

¶17            Our conclusion, therefore, requires us to vacate that portion of the superior court's criminal restitution order for the drug offense fine and surcharge of $1,830, along with any associated accrued interest. Because the mandate has since issued on McCartney's appeal of her convictions and sentences, we remand for the superior court to issue a criminal restitution order regarding the drug offense fine and surcharge and related interest.

¶18            The conclusion that § 13-805(C)(1) does not allow the superior court to enter a criminal restitution order for payment of a fine until the defendant's appeal is complete does not apply to a criminal restitution order for payment of other unpaid monetary sanctions that are not fines. *See Meinerz*, 1 CA-CR 18-0557, at *4, ¶¶ 18 n.4, 23. Relying on *State v. Dustin*, 247 Ariz. 389 (App. 2019), in which we held in part that a probation assessment is a fine, *see id.* at 391-92, ¶¶ 7-11, McCartney argues we should treat the other monetary assessments as fines and vacate the remainder of the court's criminal restitution order. The superior court did not, however, incorporate McCartney's probation assessment or the time payment fee in the criminal restitution order; accordingly, her argument that these constitute a fine is a non sequitur. As for the criminal penalty assessments and the victim rights enforcement assessments, McCartney provides no compelling rationale or supporting authority for why those obligations should be treated as "fines" under Rule 31.7(a)(2). Finally, as for the monthly probation service fees, McCartney concedes "[c]ases defining the term 'fine' within Arizona's statutes suggest that the $65 monthly probation services fee would not be a fine, penalty or sanction because this fee is not imposed for the conviction itself, but for services provided through probation." *See, e.g., Dustin*, 247 Ariz. at 391, ¶ 6 (discussing *State v.*

---

[6]            The State argues, and McCartney ultimately concedes, that the superior court may not enter a criminal restitution order that delays accrual of interest pending completion of the defendant's appeal. *State v. Lopez*, 231 Ariz. 561, 562, ¶ 5 (App. 2013).

*Connolly*, 216 Ariz. 132, 132-33, ¶ 3 (App. 2007)). This court has previously declined to treat such fees as fines, *see Meinerz*, 1 CA-CR 18-0557, at *4, ¶ 23, and we decline to do so now. Accordingly, our decision to vacate that portion of the superior court's criminal restitution order involving fines does not affect any other portion of the order related to McCartney's other unpaid monetary obligations and accrued interest.

**CONCLUSION**

**¶19** We vacate the portion of the superior court's criminal restitution order for the drug fine and surcharge of $1,830, along with any related accrued interest, and remand for the court to issue a criminal restitution order regarding the drug offense fine and surcharge and related interest. The portions of the criminal restitution order related to McCartney's other unpaid monetary obligations and accruing interest are affirmed and remain intact.



AMY M. WOOD • Clerk of the Court
FILED: AA