NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MANUEL RUELAS, *Appellant.*

No. 1 CA-CR 21-0110
FILED 7-21-2022

Appeal from the Superior Court in Maricopa County
No. CR2019-143018-001
The Honorable Stephen M. Hopkins, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Samuel A. Thumma joined.

---

**P A T O N**, Judge:

¶1        Manuel Gonzalez Ruelas filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Ruelas's counsel reviewed the record and noted two possible errors but concedes that neither error warrants reversal because Ruelas suffered no prejudice. Ruelas was given an opportunity to file a self-represented supplemental brief but did not do so.

¶2        Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Ruelas. *See State v. Guerra*, 161 Ariz. 289, 293 (1989). After reviewing the record, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶3        On September 10, 2019, F.L., Senior ("Father")[1] was driving down McDowell Road with his three sons, A.L., J.L., and F.L.,[2] when an SUV sped by and nearly collided with them. When Father caught up to the SUV to get its license plate number, the driver leaned out of the window and pointed a rifle at Father and his sons for approximately ten seconds. Father, J.L., and F.L. were worried the driver would shoot at them. Father told A.L. to "get down" and one of his sons recorded the SUV's license plate number while F.L. took a blurry photograph of the SUV. Father, J.L., and F.L. got a good look at the driver's face.

¶4        Police located a vehicle matching Father's description of the SUV and found a rifle between the driver's seat and center console. The officers identified Ruelas as the SUV's driver. Father confirmed Ruelas was the person who pointed the rifle at him in a one-on-one identification.

---

[1] Father shares the same name as one of his sons.

[2] We use initials to protect the identity of the victims.

Officers conducted separate one-on-one identifications with J.L. and F.L., both of whom also identified Ruelas as the driver.

**¶5** Ruelas was arrested and officers learned he had a prior felony conviction from 2015. The grand jury indicted Ruelas on three counts of aggravated assault (deadly weapon/dangerous instrument), class three dangerous felony offenses, and the State alleged aggravating circumstances. *See* A.R.S. § 13-1204(A)(2), (E). At his September 2019 arraignment, Ruelas pled not guilty to all charges and was advised by the superior court that his failure to appear could result in a trial *in absentia*.

**¶6** In December 2019, Ruelas was placed on supervised release with electronic monitoring. But he removed his electronic monitor and failed to appear for a settlement conference, resulting in the superior court issuing an arrest warrant. At the February 2020 final pretrial conference, the State moved for a jury trial to proceed *in absentia*, which the court granted. Ruelas's counsel noted her intention to file a *Dessureault* motion. *See generally State v. Dessureault*, 104 Ariz. 380 (1969).

**¶7** Father, J.L., F.L., and two officers testified at the *Dessureault* hearing. The superior court found the State met its burden of proving the in-person identifications were reliable and there was no likelihood of irreparable misidentification. At the end of the hearing, the court found Ruelas voluntarily absented himself from the proceeding and ordered the trial to proceed *in absentia*.

**¶8** The jury found Ruelas guilty on all three counts at the February 2020 trial ("car aggravated assault case"). The superior court found the crimes to be dangerous as defined by A.R.S. §§ 13-105(13) and -704 and both parties stipulated that dangerousness is inherent in the charged offenses. The jury found the presence of one aggravator—that the offense involved the infliction or threatened infliction of serious physical injury—applied to all three counts. *See id.* § 13-701(D)(1).

**¶9** In August 2020, Ruelas was arrested pursuant to the car aggravated assault case warrant. At the time of his arrest, police found a firearm in the residence and bullets on Ruelas, and he was charged with weapons misconduct, a class four non-dangerous felony ("weapons misconduct case"). Ruelas was also later charged with one count of aggravated assault (deadly weapon/dangerous instrument), a class three dangerous felony, stemming from an incident that occurred in June 2020 ("June 2020 aggravated assault case"). *See id.* § 13-1204(A)(2), (E). Ruelas

pled guilty in the weapons misconduct case and the June 2020 aggravated assault case. He was sentenced in all three cases in March 2021.

¶10        At sentencing, the superior court noted that Ruelas's plea agreement in the weapons misconduct case stipulated to a presumptive four-and-a-half-year sentence. The court also noted the June 2020 aggravated assault case plea agreement stipulated that any sentence would run concurrently with the car aggravated assault case sentences.

¶11        As to the car aggravated assault case, the superior court found that aggravation outweighed mitigation and sentenced Ruelas to ten years in prison, for each of the convictions, "consistent with the recommendation of the presentence report and the State." The court found the same aggravating factors present in the June 2020 aggravated assault case and sentenced him to a concurrent sentence of ten years. The four-and-a-half-year sentence for the weapons misconduct case was to be concurrent as well.

¶12        The superior court awarded 301 days of presentence incarceration credit. The court did not orally pronounce its imposition of monetary fees and assessments, but its sentencing order required Ruelas to pay the statutorily required monetary assessments. *See generally id.* §§ 12-269, -116, -116.04, -116.08, and -116.09.

¶13        Ruelas timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

### I.    Potential *Anders* issues noted by Ruelas's counsel

¶14        Ruelas's counsel noted two possible grounds for error: (1) potential ambiguity because the superior court did not orally pronounce that the sentences for counts 1-3 in the car aggravated assault case were concurrent and (2) the lack of an oral pronouncement of monetary fees and assessments during sentencing.

####    A.    The superior court's imposition of concurrent sentences for counts 1-3 in the car aggravated assault case is clear from the record.

¶15        A superior court does not err in imposing a sentence when the record clearly expresses the court's intent. *State v. Hanson*, 138 Ariz. 296,

304 (App. 1983); *see generally* Ariz. R. Crim. P. 26.16(a) ("The judgment of conviction and sentencing on the judgment are complete and valid at the time the court orally pronounces them in open court.").

**¶16**        Here, the superior court orally pronounced that Ruelas's sentences in the car aggravated assault case were to be "consistent with the recommendation of the presentence report and the State." The presentence report contained a recommendation of concurrent ten-year sentences for counts 1-3 in the car aggravated assault case. And the minute entry reflects that the ten-year sentences for counts 1-3 were also concurrent to each other.

**¶17**        The record shows the superior court imposed concurrent ten-year sentences for counts 1-3 in the car aggravated assault case. We find no error, fundamental or otherwise.

> **B.        The lack of an oral pronouncement of monetary fees and assessments was not fundamental error.**

**¶18**        The superior court is statutorily required to impose monetary fees and assessments. A.R.S. §§ 12-269, -116, -116.04, -116.08, and -116.09; *see State v. Powers*, 154 Ariz. 291, 295 (1987). The penalty assessment is not a "stand-alone obligation" because it requires "some other fine, penalty or forfeiture be imposed as a predicate, similar to the requirements of the time payment fee." *State v. Dustin*, 247 Ariz. 389, 392, ¶ 12 (App. 2019) (citing A.R.S. § 12-116.04(A)); *see also Dustin*, 247 Ariz. at 392, ¶ 12 ("The same is true with the $2 victim rights enforcement assessment under A.R.S. § 12-116.09, which also requires a predicate fine, penalty or forfeiture."). If the court overlooks its statutory duty to impose a felony assessment, the initial sentence is unlawful. *See Powers*, 154 Ariz. at 295.

**¶19**        Here, the superior court did not orally pronounce its imposition of each individual monetary fee and assessment at Ruelas's sentencing. But the court stated it was sentencing Ruelas "consistent with the recommendation of the presentence report[,]" which contained a list of the required fees and assessments. We find the court fulfilled its statutory duty to impose the required fees and assessments and that the imposition of monetary terms by minute entry, without an oral pronouncement, did not constitute fundamental error.

**II.        The record is devoid of any prejudicial fundamental error.**

**¶20**        We have considered counsel's brief and reviewed the entire record for reversible error. *See Clark*, 196 Ariz. at 537, ¶ 30. We find none. *See generally State v. Gendron*, 168 Ariz. 153, 155 (1991).

**¶21** Counsel represented Ruelas at all stages of the proceedings. The superior court advised Ruelas that the trial would proceed in his absence, yet he failed to appear, and the court properly found he voluntarily absented himself. *See* Ariz. R. Crim. P. 9.1; *see State v. Reed*, 196 Ariz. 37, 38–39, ¶ 3 (App. 1999) (citation omitted). The jury consisted of twelve properly instructed jurors, and the evidence sufficiently supported the verdict. *See* Ariz. Const. art. 2, § 23; *see* A.R.S. §§ 13-115(A), 21-102(A); *see State v. Mathers*, 165 Ariz. 64, 66–67 (1990) (citation omitted). The superior court received a presentence report and Ruelas spoke at sentencing. *See* Ariz. R. Crim. P. 26.4, 26.9. Ruelas's sentence falls within the statutory range, and he received the proper amount of presentence incarceration credit. *See* A.R.S. §§ 13-701, -703, -704, and -711.

**¶22** Upon the filing of this decision, defense counsel shall inform Ruelas of the status of the appeal and his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Ruelas has thirty days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.

**CONCLUSION**

**¶23** We affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA