NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

SEANATHON JOICLAIRE SHOLES, *Appellant*.

No. 1 CA-CR 21-0497
FILED 10-27-2022

Appeal from the Superior Court in Maricopa County
No. CR2019-005381-001
The Honorable Laura M. Reckart, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Diane Leigh Hunt
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

―――――――――――――――――

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Cynthia J. Bailey and Vice Chief Judge David B. Gass joined.

―――――――――――――――――

**T H U M M A**, Judge:

**¶1**          Defendant Seanathon Joiclaire Sholes appeals from her probation grant for assault and for resisting arrest, challenging the imposition of $35 in financial consequences on the resisting arrest conviction. Because the consequences are not authorized by law, they are vacated. Sholes' probation grants are affirmed as modified to remove those consequences.

## FACTS AND PROCEDURAL HISTORY

**¶2**          After a bench trial on charges arising out of an August 2018 incident in Phoenix, Sholes was convicted of two Class 1 misdemeanors: Count 1, assault, a domestic violence offense, and Count 4, resisting arrest.

**¶3**          At sentencing, the court placed Sholes on concurrent unsupervised probation grants for 18 months and imposed financial consequences. As reflected in the written sentencing order, for Count 1, the court imposed a $50 address confidentiality program assessment; a $50 family offense assessment; a $20 probation assessment; a $20 time payment fee; a $13 criminal penalty assessment; and a $2 victim rights enforcement assessment to total $155. For Count 4, the written sentencing order shows another $20 time payment fee; another $13 criminal penalty assessment; and another $2 victims' rights enforcement assessment, totaling $35.

**¶4**          This court has jurisdiction over Shole's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031 and 13-4033(A).

## DISCUSSION

**¶5** "Where there is a discrepancy between the oral sentence and the written judgment, the oral pronouncement of sentence controls." *State v. Hanson*, 138 Ariz. 296, 304-05 (App. 1983). Both Sholes and the State agree that the court did not impose the $35 consequences for Count 4 in open court at sentencing and that doing so, for the first time, in the written sentence order is improper. Given this error, Sholes asks this court to vacate the $35 consequences for Count 4. The State seeks a resentencing, arguing the issues Sholes raises "are not presently ripe because the trial court might not impose any of them on remand."

**¶6** Arizona law does not authorize the $35 consequences for Count 4. The $20 time payment fee, the $13 criminal penalty assessment and the $2 victims' rights enforcement assessment each require a predicate fine, penalty or forfeiture. *See* A.R.S. § 12-116(A); A.R.S. § 12-116.04(A); A.R.S. § 12-116.09(A). Here, the court imposed no such predicate fine, penalty or forfeiture for Count 4. *See State v. Dustin*, 247 Ariz. 389 (App. 2019).

**¶7** A time payment fee is proper only if the "court imposed a specific stand-alone penalty, fine or sanction that [the defendant] did not pay on the date of sentencing." *Dustin*, 237 Ariz. at 390–91 ¶ 5. The time payment fee is assessed on the defendant, not on each count, fee, fine or assessment. *See* A.R.S. § 12-116(A). Sholes has already properly been assessed a time payment fee for Count 1, meaning the time payment fee assessed for Count 4 was not authorized by law.

**¶8** "The [criminal] penalty assessment. . . is not a stand-alone obligation—it requires that some other fine, penalty or forfeiture be imposed as a predicate, similar to the requirements of the time payment fee." *Dustin*, 237 Ariz. at 392 ¶ 12; *see also* A.R.S. § 12-116.04(A). Because there was no fine, penalty or forfeiture imposed for Count 4, the criminal penalty assessment for Count 4 was not authorized by law. Similarly, the victims' rights enforcement assessment "also requires a predicate fine, penalty, or forfeiture." *Dustin*, 237 Ariz. at 392 ¶ 12; *see also* A.R.S. § 12-116.09(A). Because there was no fine, penalty or forfeiture imposed for Count 4, the victims' rights enforcement assessment for Count 4 was not authorized by law.

**¶9** Because the court did not impose any predicate fine, penalty or forfeiture for Count 4, the $35 consequences are not authorized by law. Although requesting a remand, the State has not shown that the consequences for Count 4 constitute an illegal sentence and did not cross-

appeal from the sentence. Thus, no remand is needed, and this court modifies the sentencing order as to Count 4 so that no financial consequences are imposed for that conviction.

**CONCLUSION**

**¶10**      Sholes' probation grants are affirmed as modified to remove from the consequences for the Count 4 conviction the $20 time payment fee, the $13 criminal penalty assessment and the $2 victims' rights enforcement assessment.



AMY M. WOOD • Clerk of the Court
FILED:   AA