NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

CARLOS ANTONIO PACHECO, *Appellant*.

No. 1 CA-CR 24-0503

FILED 01-02-2026

Appeal from the Superior Court in Maricopa County
No.  CR2021-131903-001
The Honorable Bruce R. Cohen, Judge *Retired*

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Law Office of Michael J. Dew, Phoenix
By Michael J. Dew
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Vice Chief Judge David D. Weinzweig and Judge Cynthia J. Bailey joined.

_____

**P E R K I N S**, Judge:

**¶1** Carlos Pacheco timely appealed under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) following his conviction for unlawful flight from a law enforcement vehicle, a class 5 felony. Pacheco's counsel searched the record and advised this Court he found no arguable, non-frivolous question of law. *See Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Pacheco had the opportunity to file a supplemental brief but did not do so.

**¶2** We must review the entire record for reversible error, *State v. Thompson*, 229 Ariz. 43, 45, ¶ 3 (App. 2012), viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Pacheco. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998). Having reviewed the record, we find reversible error in the written sentencing order only. We affirm Pacheco's conviction and sentence as modified.

**FACTUAL AND PROCEDURAL BACKGROUND**

**¶3** On July 25, 2021, two uniformed Department of Public Safety troopers responded to a call reporting a car blocking an interstate exit ramp. A trooper approached the car, which was registered to Pacheco, and spotted Pacheco asleep at the wheel. The trooper knocked on the window and identified himself as a state trooper. But as the troopers opened the car door and ordered Pacheco out of the vehicle, Pacheco shifted the car into drive and sped off through the intersection with considerable speed. The troopers ran back to their fully-marked vehicles, engaged their lights and sirens, and chased after Pacheco. After about a minute, their supervisor called off the chase, and Pacheco escaped. The first trooper's body-worn camera recorded the entire encounter.

**¶4** In August, Pacheco was charged with one count of unlawful flight from a law enforcement vehicle. In December 2022, Pacheco

knowingly, voluntarily, and intelligently waived the right to counsel, and the court appointed advisory counsel. Pacheco represented himself at all hearings until jury selection, when his advisory counsel assumed representation for the remaining proceedings.

**¶5**  Both troopers testified at trial, and the State played the body-worn camera footage for the jury. After the State rested, Pacheco moved for acquittal under Arizona Rule of Criminal Procedure 20. The court denied the motion, and the jury found Pacheco guilty.

**¶6**  After trial, Pacheco was convicted in two other unrelated cases and sentenced in all three cases on July 19th, 2024. At sentencing, Pacheco stipulated to two prior felony convictions. The court sentenced Pacheco to 15.75 years' imprisonment on the other convictions with 941 days' presentence incarceration credit. On the unlawful flight conviction, the court sentenced Pacheco as a category-one, non-dangerous repetitive offender and imposed a presumptive term of 1.5 years' imprisonment to run consecutively to the other sentences with no additional presentence incarceration credit.

**¶7**  The court issued a written sentencing order on July 24th that also imposed a mandatory $20 probation assessment, a $20 time payment fee, a $13 criminal penalty assessment, a $2 victim rights enforcement assessment, a $4 peace officer training equipment fund fee, and a $9 victim rights/compensation fund fee.

## DISCUSSION

**¶8**  The record reflects that the superior court conducted all pre-trial and trial proceedings in compliance with the Arizona Rules of Criminal Procedure. *See State v. Gomez*, 27 Ariz. App. 248, 251 (1976) (citing Ariz. R. Crim. P. 1.2). Pacheco was present at all stages of the proceedings. He was represented by counsel or accompanied by advisory counsel during all stages of the proceedings. The record reveals sufficient evidence from which the jury could determine, beyond a reasonable doubt, that Pacheco was guilty of the charged offense. We therefore affirm Pacheco's conviction.

**¶9**  At sentencing, the court afforded Pacheco the opportunity to speak, stated on the record the factors it considered in imposing his sentence, *see* Ariz. R. Crim. P. 26.10, and sentenced him within the statutory guidelines, *see* A.R.S. §§ 13-701 to -709.

¶10 But there is a discrepancy between the court's oral pronouncement and its written sentencing order. The court did not orally inform Pacheco of the $20 probation assessment that appeared in the written order. When a discrepancy between the oral pronouncement and written order exists, the oral pronouncement of sentence controls. *State v. Ovante*, 231 Ariz. 180, 188, ¶ 38 (2013). Because the probation assessment was a mandatory fine, the court erred by not imposing it.

¶11 A probation assessment is a punitive fine, not an administrative fee, and thus constitutes a sentence. *State v. Dustin*, 247 Ariz. 389, 392, ¶¶ 8, 10 (App. 2019). And so a probation assessment must be included in the oral pronouncement. Ariz. R. Crim. P. 26.9 (the defendant must be present at sentencing); *see also* Ariz. R. Crim. P. 26.10 ("The judgment of conviction and sentencing on the judgment are complete and valid at the time the court orally pronounces them in open court."). Under Rule 26.9, the omission of a mandatory fine may only be corrected in front of the defendant in open court, not by minute entry. *State v. Powers*, 154 Ariz. 291, 295 (1987). Thus, Pacheco's sentence is illegally lenient.

¶12 But because the State did not appeal the illegally lenient sentence, we lack jurisdiction to correct the error. *State v. Dawson*, 164 Ariz. 278, 285–86 (1990). We therefore modify the written sentencing order, striking the $20 mandatory probation assessment. *See State v. Gutierrez*, 130 Ariz. 148, 150 (1981) (modifying a sentencing order to correct technical errors).

¶13 And without any underlying fine, the court erred in imposing the remaining administrative fees. *See Dustin*, 247 Ariz. at 392, ¶ 12 (the time payment fee, criminal penalty assessment, and victim rights enforcement assessment require a predicate fine, penalty, or forfeiture); A.R.S. §§ 12-116.08, -116.10 (the peace officer equipment fund and victim rights compensation fund also require predicate fines, penalties, or forfeitures). We modify the written sentencing order, striking the $20 time payment fee, the $13 criminal penalty assessment, the $2 victim rights enforcement assessment, the $4 peace officer training equipment fund fee, and the $9 victim rights/compensation fund fee. For the same reasons, we modify the written Judgment and Orders of Restitution, Fines and Fees filed on July 19, 2024.

¶14 Upon the filing of this decision, defense counsel shall inform Pacheco of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for

review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Pacheco shall have thirty days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

¶15 For the foregoing reasons, we strike the above fines, fees, and assessments from the written sentencing order and the July 19th Judgment and Orders of Restitution, Fines and Fees. We otherwise affirm Pacheco's conviction and sentence.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR